Lamont HARRIS, Petitioner,

v.

Martin F. HORN, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 28, 2000.

Decided March 2, 2000.

Robert F. Whalen, Endicott, NY, for petitioner.

Elvira O. Guida, Camp Hill, for respondent.

Before DOYLE, President Judge, and FRIEDMAN, J., and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.

The Department of Corrections (Department) preliminarily objects to the petition for review of Lamont Harris (Petitioner) on the grounds that (1) Petitioner has failed to properly serve the Department and (2) Petitioner's complaint fails to state a cause of action.

Petitioner is currently incarcerated at the State Correctional Institution at Camp Hill. He filed a *pro se* petition for review (Petition) alleging that, since being placed in punitive segregation, he "has been forced to live in constant illumination 24 hours a day." (Petition at 2.) Petitioner also alleges that, as a result of the constant illumination, he has "developed eye problems, sleeping disorders, headaches and mental problems due to lack of sleep . . . ." (Petition at 2.) He contends that the constant illumination violates the Eighth Amendment's proscription against cruel and unusual punishment. (*See* Petitioner's Memorandum of Law.)

■ The Department filed preliminary objections seeking dismissal of the Petition on two grounds. The Department's first objection is that Petitioner failed to properly serve the Department. A review of Petitioner's certificate of service indicates that Petitioner served the Department by first class mail. However, Pa. R.A.P. 1514(c) requires service either in person or by certified mail. In support of dismissal

of the Petition, the Department relies upon *Smith v. Pennsylvania Board of Probation and Parole*, 129 Pa.Cmwlth. 606, 566 A.2d 643 (1989) and *Bronson v. Filipi*, 107 Pa.Cmwlth. 590, 528 A.2d 1060 (1987), but neglects to observe that we expressly overruled those decisions in *Awkakewakeyes v. Department of Corrections*, 142 Pa. Cmwlth. 232, 597 A.2d 210 (1991). In *Awkakewakeyes*, we held that failure to comply with Rule 1514(c) is an amendable defect. Thus, the Department's preliminary objection to service is overruled, and Petitioner is directed to effect service on the Department in accordance with Pa. R.A.P. 1514(c).

The Department's second objection is that the Petition fails to state a cause of action. The Department contends that, even if we accept as true Petitioner's claim that he is forced to live in constant illumination twenty-four hours per day,[1] the constant presence of lights in a prisoner's cell does not violate the Eighth Amendment of the United States Constitution. In support of its assertion, the Department cites *Hutchings v. Corum*, 501 F.Supp. 1276 (W.D.Mo.1980); *Fillmore v. Ordonez*, 829 F.Supp. 1544 (D.Kan.1993), *aff'd*, 17 F.3d 1436 (10th Cir.1994); and *Bauer v. Sielaff*, 372 F.Supp. 1104 (E.D.Pa.1974), *appeal dismissed as moot*, 510 F.2d 969 (3d Cir. 1975). However, those cases are distinguishable because each of those cases was decided after the plaintiff had an opportunity to develop a full factual record; in none of those cases was the prisoner's claim decided on a motion to dismiss.[2] Moreover, in none of those cases did the prisoners complain that the constant illumination did anything more than disrupt their sleep at night. Indeed, in *Hutchings*, the court noted that the prisoners were able to sleep during the day. In ruling that the constant lighting was not unconstitutional, that court carefully pointed out, "there was no evidence indicating that the inmates are unable to sleep at all or that they have developed psychological or physiological problems." *Hutchings*, 501 F.Supp. at 1293.

■ In sharp contrast, here, Petitioner alleges more than trouble sleeping; he asserts that, as a result of the constant illumination, he has "developed eye problems, sleeping disorders, headaches and mental problems due to lack of sleep...." (Petition at 2.) Thus, we find more on point the case of *Keenan v. Hall*, 83 F.3d 1083 (9th Cir.1996), amended at 135 F.3d 1318 (9th Cir.1998), in which the court denied summary judgment to prison officials as to a prisoner's claim that constant illumination caused him grave sleeping problems and other mental and psychological problems. In determining that there existed a disputed issue of material fact concerning the effects of living in constant illumination, the court in *Keenan* relied on *LeMaire v. Maass*, 745 F.Supp. 623 (D.Or. 1990), *vacated on other grounds*, 12 F.3d 1444 (9th Cir.1993). In *LeMaire*, prisoners testified at trial that continuous illumination of their cells disturbed their sleep and caused other psychological effects, and a psychiatrist testified that twenty-four hour a day lighting not only makes sleep difficult but also could exacerbate mental problems. *Id.* The *LeMaire* court found that there was "no legitimate penological justification for requiring" the plaintiff "to suffer physical and psychological harm by living in constant illumination" and therefore held the practice unconstitutional. *Id.* at 636. Here, because Petitioner alleges physical and psychological harm as a re-

---

1. In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Envirotest Partners v. Department of Transportation*, 664 A.2d 208 (Pa.Cmwlth. 1995). In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.*

2. *Hutchings* and *Bauer* were decided following trials. *Fillmore* was decided after motions for summary judgment.

sult of the constant illumination, he has stated a cause of action; therefore, the Department's preliminary objection in this regard is also overruled.

## *O R D E R*

AND NOW, this 2nd day of March, 2000, the preliminary objections filed by the Department of Corrections in this matter are overruled. Petitioner is granted leave to serve the petition for review on the Department of Corrections by certified mail within twenty-one (21) days of the date of this order and file a certificate of service with this court promptly thereafter, or this case will be dismissed as of course.

Respondents shall file an answer to the petition for review within thirty (30) days after proper service.