**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Darrell G. FLEMING, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted April 1, 2002.

Filed July 23, 2002.

Darrell G. Fleming, Jr., appellant, pro se.

John F. Nelson, Asst. Dist. Atty., Chambersburg, for Commonwealth, appellee.

Before DEL SOLE, P.J., McEWEN, P.J.E., and KELLY, J.

PER CURIAM.

¶ 1 Appellant, Darrell G. Fleming, Jr., brings this appeal from two orders directing the Pennsylvania Department of Corrections to garnish his inmate account to satisfy previously imposed obligations for fines, costs and restitution. We are constrained to vacate the orders of the trial court.

¶ 2 Appellant pleaded guilty to three robberies in 1995 and was sentenced to serve an aggregate term of incarceration of from 14 years, 3 months to 50 years, and to pay $1,500.00 in fines, $155.42 in costs, and $30.00 in restitution. This 1995 sentence was imposed after the trial court vacated a sentence previously imposed in 1990.[1] This 1995 sentence became final in 1997, when appellant's direct appeal rights were exhausted. More than three years later, on July 2, 2001, the trial court, acting *sua sponte*,[2] entered orders which specifically directed the Department of Corrections to garnish funds from appellant's inmate account and apply those funds to his liabilities for costs, fines, and restitution. The trial court did so in reliance upon Act 84 of 1998, 42 Pa.C.S. § 9728(b)(5), the statutory authorization for the collection of fines, costs and restitution from convicted individuals.

¶ 3 Appellant thereafter undertook this timely *pro se* appeal in which he argues that the trial court committed an error of law or abuse of discretion when it "retroactively" applied Act 84 of 1998 to garnish appellant's prison inmate account. Since this Court and the Commonwealth Court have previously stated that Act 84 could be applied retroactively to convictions for crimes that pre-dated its enactment, *Commonwealth v. Baker*, 782 A.2d 584 (Pa.Super.2001), *Sweatt v. Department of Correc-*

*tions*, 769 A.2d 574 (Pa.Cmwlth.2001), we need not further address this issue.

¶ 4 We are compelled, however, to address the procedure which was employed by the trial court in entering the orders which underlie this appeal. The orders presently under review constitute enforcement orders related to appellant's sentence.[3] An enforcement action for unpaid fines is subject to the statutory requirement that the convicted offender be afforded a hearing. 42 Pa.C.S. § 9772. The trial court here proceeded to the entry of these orders *sua sponte*, even though the orders were not preceded by a hearing, or even an application for such a ruling by the court. Thus, the trial court failed to comply with the statutory directive.

¶ 5 Consequently, if the Commonwealth determines to initiate an enforcement action against appellant, it must apply to the trial court for enforcement, and the court must conduct a hearing. It merits emphasis, however, that the prerogative for collection of such monies is not solely that of the County District Attorney since Act 84 vests such a prerogative in the correction authorities as well:

> The county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the

1. Appellant had obtained relief under the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq.* from his original sentence. The computation of the original sentence had been adversely affected by an error in the prior record score value that was assigned in his presentence report.

2. We draw this conclusion based on our review of the trial court docket that was filed with this Court. No application under Act 84 appears thereon.

3. Enforcement orders are those directives which attend a criminal sentence. Jurisdiction over appeals from enforcement orders rests with this Court under 42 Pa.C.S. § 742. Consequently, our consideration and resolution of this appeal is not inconsistent with our comments in *Commonwealth v. Baker*, 782 A.2d 584 (Pa.Super.2001), that an action taken by the Department of the Corrections that affects an inmate's account constitutes a civil action, a challenge to which belongs in the Commonwealth Court. *See: Baker, id.* at 584.

purpose of collecting restitution or any other court-ordered obligation. Any amount deducted shall be transmitted by the Department of Corrections or the county correctional facility to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted....

42 Pa.C.S. § 9728(b)(5). Thus it is clear that the statute expressly authorizes correction officials to make deductions from an inmate's account, and does not impose prior court authorization as a threshold condition. *See: Sweeney v. Lotz,* 787 A.2d 449 (Pa.Cmwlth.2001).

¶ 6 Therefore, although we are compelled to vacate the trial court orders, this Opinion must not be construed as affecting the authority conferred by Act 84 upon correction officials to make appropriate deductions and payments from the personal account of appellant.

¶ 7 Orders vacated.

¶ 8 KELLY, J., concurs in the result.