James **HARDING** (aka Hurley),
Petitioner

v.

Superintendent **STICKMAN** of SCI Greene, Inmate Accounts Supervisor of SCI Greene, and Jeffrey A. Beard, Secretary of Corrections of Camp Hill, PA, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 14, 2003.

Decided May 21, 2003.

James Harding, petitioner, pro se.

Timothy I. Mark, Camp Hill, for respondent.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

## OPINION BY PRESIDENT JUDGE COLINS.

Before the Court is the demurrer of Jeffrey A. Beard, Secretary of the Department of Corrections (DOC), Superintendent Stickman of the State Correctional Institution at Greene (SCI–Greene), and the Inmate Accounts Supervisor at SCI Greene (collectively, respondents) to inmate James Harding's petition for review seeking to have DOC cease deducting funds from his inmate account pursuant to DOC Policy DC–ADM 005, entitled Collection of Inmate Debts, and 42 Pa.C.S. § 9728(b)(5), as amended by Act 84 of 1998.[1]

In his petition for review, Harding avers that the deductions DOC is currently making from his account are not authorized by court order and that he has not been afforded a hearing to determine his financial ability to pay, in support of which he cites our decision in *Boofer v. Lotz*, 797 A.2d 1047 (Pa.Cmwlth.2002), *petition for allowance of appeal granted*, 572 Pa. 567, 817 A.2d 1079 (2003). Harding requests that we direct DOC to cease the deductions and to reimburse him for the funds deducted since April 2000.

■ The respondents demur on the grounds: 1) that Harding is not entitled to injunctive relief because he has an adequate remedy at law with the sentencing court that authorized the deductions from his inmate account and an adequate administrative remedy through the prison grievance system to challenge the amount of the deductions, and because DOC acted pursuant to statutory authority to make deductions to collect court-ordered restitution and fines; and 2) that Harding is not entitled to reimbursement by DOC, which remitted the deducted funds to pay court-ordered obligations.

■ To prevail in an action for injunction, a party must establish that his right to relief is clear, that an injunction is necessary to avoid an injury that cannot be compensated by damages, and that greater injury will result from refusing rather than granting the relief requested. *P.J.S. v. Pennsylvania State Ethics Commission*, 669 A.2d 1105, 1113 (Pa.Cmwlth.1996). A court may not grant injunctive relief where an adequate remedy exists at law. *Id.*

■ Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. *Simmons v. Township of Moon*, 144 Pa.Cmwlth. 198, 601 A.2d 425, 428 (1991). To prevail on preliminary objections in the nature of a demurrer to a claim for injunctive relief, a court must find that the petition is clearly insufficient to establish a right to injunctive relief, and any doubt must be resolved in favor of overruling the demurrer. *P.J.S.*, 669 A.2d at 1113.

In his complaint, Harding acknowledges the outstanding obligation for which DOC made deductions, but alleges that he never received a court order requiring him to pay the obligation while incarcerated, that he never received a hearing to determine his financial ability to pay the obligation, and that despite the deductions, county court records show that he still owes the full amount of the obligation.

---

1. Act of June 18, 1998, P.L. 640, effective October 18, 1998. Act 84 rewrote subsection (b) to include provisions for transmission to DOC of orders for restitution, fees, costs, fines, and/or penalties and authorizing DOC to make deductions from inmate accounts for the purpose of collecting such court-ordered obligations in accordance with its own guidelines.

In this case, we sustain DOC's demurrer on the basis that Harding had an adequate remedy at law through the prison grievance system and through post-conviction relief with the court of common pleas and because his right to relief is not clear.

Attached to his complaint as Document 22 is a grievance Harding filed with DOC in September 2002 in which he raised the same issues raised in his complaint with this Court. In response, DOC informed Harding that it was in possession of a court order authorizing deductions from his inmate account to pay $735 in fees, that he was not entitled to a hearing because the fees were part of his sentence and not misconducts, and that through deductions he had paid $300.82 toward the fees and owed a balance of $452.18. (Complaint, Document 23.)

██ As part of the Sentencing Code, 42 Pa.C.S. § 9728(b) provides in pertinent part:

(3) The county clerk of courts shall, upon sentencing, pretrial disposition or other order, transmit to the Department of Probation of the respective county or other agent designated by the county commissioners of the county with the approval of the president judge of the county and to the county correctional facility to which the offender has been sentenced or to the Department of Corrections, whichever is appropriate, copies of all orders for restitution and amendments or alterations thereto, reparation, fees, costs, fines and penalties.

. . . .

(5) The county correctional facility . . . or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation. Any amount deducted shall be transmitted by the Department of Cor-

rections or the county correctional facility to the probation department of the county or other agent designated by the county commissioners of the county. . . .

The Department of Corrections shall develop guidelines relating to its responsibility under this paragraph.

This provision is not penal in nature; rather it provides a procedural mechanism for the collection of court costs and fines. *Sweeney v. Lotz,* 787 A.2d 449 (Pa.Cmwlth. 2001), *petition for allowance of appeal denied,* 572 Pa. 717, 813 A.2d 848 (2002); *Sweatt v. Department of Corrections,* 769 A.2d 574 (Pa.Cmwlth.2001).

Harding does not dispute that the Court of Common Pleas of Philadelphia County imposed costs and restitution totaling $735, and he does not allege that the payment of the obligation was ordered to be deferred until his release. The Sentencing Code, 42 Pa.C.S. § 9728(b)(5), explicitly authorizes DOC to make deductions from an inmate's account upon its receipt of a court's order transmitted by the county clerk of courts pursuant to subsection (b)(3) as quoted above. Harding may not challenge the substance of the court's order by seeking an injunction against DOC. Subsection (b)(5) quoted above explicitly states that the amounts deducted shall be transmitted to the county probation department or such other agent appointed by the county commissioners. Any inmate may address inquiries as to the outstanding balance of any obligation with the appropriate county agent; furthermore, DOC responded to Harding's grievance with an accounting of his total payments and outstanding balance.

Harding has no right to injunctive relief pending a hearing into his financial ability to pay his court-ordered obligations based on our decision in *Boofer,* which is distinguishable from the present case. In *Boof-*

*er*, deductions from the inmate's account were based not on the transmission of a court order assessing fines, costs, or restitution, but rather on a letter from the county clerk of courts requesting deductions. The inmate filed a writ of habeas corpus with the trial court challenging deductions from his inmate account, the denial of which he then appealed. Harding may not, based on our decision in *Boofer*, enjoin DOC from following its statutory mandate to garnish his inmate account to pay a court-ordered obligation on the ground that he is somehow entitled to a hearing before the trial court to determine his financial ability to meet that obligation.[2] Harding's remedy, if he has one, is at law, and not an injunction against DOC.[3]

As for Harding's request for reimbursement from DOC, the amounts deducted from Harding's inmate account were sent to the county probation department or other designated agent in partial payment of a court-ordered obligation. Harding has no remedy of reimbursement against DOC.

Accordingly, the respondents' preliminary objection in the nature of a demurrer is sustained because the law permits no recovery under the allegations of Harding's complaint, and the petition for review is dismissed.

### ORDER

AND NOW, this 21st day of May 2003, the respondents' preliminary objection in the nature of a demurrer is sustained, and the petition for review is dismissed.

Dissenting opinion by Judge
FRIEDMAN.

### DISSENTING OPINION BY JUDGE FRIEDMAN.

I respectfully dissent. The majority sustains the demurrer filed by Superintendent Stickman of SCI Greene, Inmate Accounts Supervisor of SCI Greene, and Jeffrey A. Beard, Secretary of Corrections of Camp Hill, PA (Respondents) and dismisses the petition for review (Petition) filed by James Harding (Harding). I submit that, in doing so, the majority fails to follow the rule of law governing preliminary objections.

In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Harris v. Horn*, 747 A.2d 1251 (Pa.Cmwlth.2000). Moreover, in order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.*

Harding's petition sets forth the following material allegations. By letter dated April 14, 2000, the Department of Corrections (Department) notified Harding, in pertinent part, as follows:

> The Business Office received court order(s) as listed on the attached report(s) *directing the collection of applicable restitutions, fees, costs, and fines, from your institution account in accordance with Department of Corrections' policy DC–ADM 005.* Accordingly, your institution account has been assessed for the

---

**2.** In *Commonwealth v. Fleming*, 804 A.2d 669 (Pa.Super.2002), our Superior Court determined that an inmate is entitled to a hearing on the issue of his ability to pay only where the Commonwealth initiates an enforcement action for unpaid fines or where the inmate is in default.

**3.** *See e.g., Fleming* (inmate appealed trial court order directing DOC to make deductions from inmate account to satisfy costs, fines, and restitution).

collection and transmittal of monies to them.

The Business Office through deductions from your institution account *will collect monies owed in accordance with the Department's policy by:*

→ Deducting initial payment of 20–percent from your institution's account balance regardless of source.

→ Deducting subsequent payments of *20–percent from all of your monthly income* provided that you have a balance which exceeds $10.

(Petition at ¶ 5(c), 1st Document) (emphasis added). Harding admits that there is a court order directing Harding to pay $753.00 in fines, costs and restitution. (Petition at ¶ 1, 2nd and 4th Documents.) However, Harding alleges that the court order does *not* direct collection of the fines, costs and restitution while he is incarcerated. (Petition at ¶ 5(b), ¶ 5(d).) Thus, Harding is not contesting the amount that he owes; rather, Harding is contesting the collection of this court-ordered obligation pursuant to the Department's policy rather than pursuant to statutory authority.

In addition to his $753.00 debt, Harding alleges that he owes $11,943.00 in child support payments and approximately $2,000 for other court-ordered obligations. (Petition at ¶ 5(i), 7th to 13th Documents.) Moreover, while the Department was deducting money from Harding's inmate account to pay the $753.00, Harding requested that the Department send money from his inmate account to the mother of his children for child support. However, the Department would not do so until Harding filed an official request questioning the Department's refusal. (Petition, 14th Document.) Thereafter, Harding was permitted to send monthly payments of $5.00 or $10.00 to the mother of his children for child support. (Petition, 15th and 16th Documents.)

In May 2002, Harding sought a pay raise of two cents an hour because of the heavy financial burden he bore due to increasing inmate living expenses and his extensive debt. (Petition at ¶ 5(L).) Harding was earning forty-two cents an hour cleaning the showers and the tier for his housing unit, but he could not obtain the pay raise. (Petition, 20th and 21st Documents.)

On September 25, 2002, Harding filed a grievance challenging the Department's twenty-percent deductions from his inmate account under *Boofer v. Lotz,* 797 A.2d 1047 (Pa.Cmwlth.2002), *appeal granted in part,* 572 Pa. 567, 817 A.2d 1079 (2003). Harding sought an ability-to-pay hearing with the courts and a hearing with the superintendent. (Petition, 22nd Document.) The Department's response, dated October 4, 2002, stated that: (1) the Department was in possession of a court order indicating that Harding owes $753.00; and (2) the Department is obligated to assess Harding's inmate account each month under Act 84 [1] to collect that court-ordered obligation. (Petition, 23rd Document.)

On October 11, 2002, after the grievance failed, Harding filed his Petition with this court. Harding seeks an order directing the Department to cease the twenty-percent deductions from his inmate wages pending an ability-to-pay hearing under *Boofer.* Respondents subsequently filed their demurrer. Thus, the inquiry here is whether, based on the well-pleaded facts, Harding is entitled to an ability-to-pay hearing under *Boofer.*

In *Boofer,* this court pointed out that section 9730(b) of the Sentencing Code

---

1. Act of June 18, 1998, P.L. 640.

provides for an ability-to-pay hearing when a defendant defaults in the payment of fines, costs or restitution. 42 Pa.C.S. § 9730(b). If the court determines that the defendant is unable to pay the fines, costs or restitution in a single payment, the court will determine the appropriate installments, considering the defendant's financial resources. *Id.* Section 9730(b) of the Sentencing Code does not exclude defendants who are incarcerated; the procedure applies to *all* defendants who default in the payment of fines, costs or restitution.

Act 84 established a means for collecting a prisoner's unpaid fines, costs and restitution by authorizing the attachment of a prisoner's wages and the deduction of the appropriate installment from the prisoner's inmate account after an ability-to-pay hearing. *See Boofer;* section 8127(a) of the Judicial Code, 42 Pa.C.S. § 8127(a); and section 9728(b) of the Sentencing Code, 42 Pa.C.S. § 9728(b).

Here, pursuant to section 9728(b), the clerk of courts sent a court order to the Department showing a debt of $753.00. The Department proceeded to deduct twenty percent from Harding's earnings pursuant to the Department's policy. However, as stated in *Boofer,* there is no legal authority for a policy that deducts twenty percent of earnings without an ability-to-pay hearing. Indeed, section 9730(b) of the Sentencing Code gives the *courts* legal authority to determine the appropriate deduction. Therefore, the Department's twenty-percent deductions are illegal until a *court* determines that Harding is able to pay that amount.

In addition, I point out that Harding has court-ordered child support obligations. As stated in *Boofer,* when a court issues an order for the attachment of wages, the court must give priority to child support payments. Section 8127(b) of the Sentenc-ing Code, 42 Pa.C.S. § 8127(b). It is apparent that the Department's policy does *not* give priority to child support payments. In fact, it seems that the Department's policy does not even consider a prisoner's child support obligations. In this case, the Department *refused* to release child support money from Harding's inmate account until Harding challenged the Department. To the extent that the Department's policy ignores a prisoner's child support obligations, the policy is contrary to law.

In reaching a contrary result, the majority states that Harding has an adequate remedy at law through the Department's grievance system. (Majority op. at 1112.) I disagree that this is an adequate remedy. Harding's grievance challenged the legality of the Department's policy, and the Department simply ruled that its policy was legal. The Department was not going to rule otherwise. Therefore, the grievance procedure did not provide Harding with an adequate remedy.

The majority also states that Harding has an adequate remedy at law through post-conviction relief, i.e., Harding could challenge the court order directing the Department to deduct money from his inmate account. (Majority op. at 1112, 1113 n. 3.) However, as indicated above, Harding alleges that there is *no* court order directing the Department to deduct money from his inmate account. We must accept that as true. Therefore, post-conviction relief does not provide an adequate remedy at law.

The majority also states that Harding's right to relief is not clear because section 9728(b) authorizes the Department to make deductions from Harding's inmate account. (Majority op. at 1112.) However, the question here is whether section 9728(b) authorizes the Department to deduct *twenty percent* of Harding's earnings

from his inmate account. As we stated in *Boofer*, there is *no* legal authority allowing the Department to determine the amount to deduct from an inmate account. That is a matter for the courts. 42 Pa.C.S. § 9730(b). Therefore, I submit that Harding's right to relief is clear.

Finally, the majority states that Harding is not entitled to an ability-to-pay hearing because the deductions in this case are based on a court order rather than a clerk of court's request.[2] (Majority op. at 1112.) I am puzzled by this analysis. I agree that the twenty-percent deduction in *Boofer* was based on the clerk of court's request. However, the twenty-percent de-

duction in this case is based on the Department's policy, *not* a court order. Again, Harding alleges that there is *no* court order requiring him to pay any amount of his court-ordered obligations while he is incarcerated. We must accept this as true.

Accordingly, I would overrule the demurrer.

---

**2.** The majority notes that, in *Commonwealth v. Fleming*, 804 A.2d 669 (Pa.Super.2002), our superior court determined that an inmate is entitled to an ability-to-pay hearing "only" where the Commonwealth initiates an enforcement action for unpaid fines. (Majority op. at 1113 n. 2.) I do not agree that this is the holding in *Fleming*. Moreover, *Fleming* does not apply here because it deals with an enforcement action in a criminal proceeding

under section 9772 of the Sentencing Code, 42 Pa.C.S. § 9772, which is why our superior court exercised jurisdiction over the matter. The correct section to apply in this case, which is a civil proceeding to determine the amount to be deducted from an inmate account before initiating the procedure set forth in section 9728(b), is section 9730(b) of the Sentencing Code.