J-S63029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DENNIS MCKEITHAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CASEY N. THORALEY, MUHAMMAD G. | : | No. 646 WDA 2018 |
| NAJI | : | |

Appeal from the Order January 31, 2018
In the Court of Common Pleas of Clearfield County Civil Division at
No(s):  2018-9-MD

BEFORE:   OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                **FILED OCTOBER 18, 2018**

Dennis McKeithan (Appellant) appeals *pro se* from the order dismissing his petition for writ of habeas corpus (petition).  Upon review, we reverse and remand.

Appellant is incarcerated.  Appellant filed his petition naming as defendants, Dr. Muhammad G. Naji and Physician's Assistant, Casey N. Thoraley (Appellees).  Appellees are medical providers at SCI Houtzdale. Appellant asserted that upon being transferred from SCI Albion to SCI Houtzdale, Appellees refused to treat his chronic eczema in the manner he had been treated during the prior 10 years, and sought "reinstatement of his longstanding treatment for his eczema skin disease."

On January 31, 2018, the trial court dismissed Appellant's petition as frivolous.  The order states:

_____
* Former Justice specially assigned to the Superior Court.

NOW, this 31st day of January, 2018, the Court being in receipt of Plaintiff's Petition for Writ of Habeas Corpus and Exhibits, as well as Petition to Proceed in Forma Pauperis; Plaintiff being an inmate at SCI Houtzdale and has brought this action against SCI Houtzdale Dr. Muhammad G. Naji and Physician's Assistant Casey N. Thoraley alleging inadequate medical care; the Plaintiff having failed to attach or provide the required Certificate of Merit for violation of medical standard of care; it is the ORDER of this Court that the Plaintiff's Petition be and is hereby DISMISSED, with prejudice, as frivolous pursuant to Pa.R.C.P. 240(j).

Order, 1/31/18.

Appellant filed this appeal.[1] He raises the following issues:

1. Whether [the] Common Pleas judge was in error in denying [Appellant's] petition for habeas by dismissal without a hearing on facts and evidence presented in habeas petition?

2. Did [Appellant] present a claim for which relief could be granted?

3. Whether the Common Pleas judge abused his discretion.

Appellant's Brief at 5.

Appellant argues that upon being transferred from SCI Albion to SCI Houtzdale in July of 2017, the medical professionals at SCI Houtzdale – the Appellees – refused to facilitate the medical "treatment plan" for his eczema,

_____

[1] Although the appeal is time-stamped March 26, 2018, Appellant indicated on the Notice of Appeal that he mailed it on February 22, 2018. Therefore, consistent with the prisoner mailbox rule, we deem the appeal timely. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (appeal by a *pro se* prisoner is deemed filed on date the prisoner deposits the appeal with prison authorities and/or places it in the prison mailbox).

*i.e.*, a monthly bottle of ammonium lactate lotion, which prison medical staff had provided to Appellant at SCI Albion since September of 2007. ***See*** Appellant's Brief at 6-8.[2] Appellant asserts that prior to his arrival at SCI Houtzdale, the treatment "was ordered 6 months at a time, where every 30 days [he] would exchange an empty bottle for a new one." ***Id.*** at 6. He claims that upon being transferred to SCI Houtzdale, "he was told that medical discontinued his treatment." ***Id.*** at 7. Appellant then "put in a request to medical" but was told "we didn't write that order." ***Id.*** Appellant avers that thereafter, Appellees told him "this is Houtzdale" and they would not "re-order treatment for his eczema." ***Id.***

At the outset, we note that although the trial court on May 16, 2018 ordered Appellant to file a Rule 1925(b) concise statement of matters complained of on appeal, and Appellant complied, the trial court inexplicably responded by correspondence to this Court dated June 11, 2018, stating that "I am writing to advise that I will be submitting no further Opinion in this matter." The record does not contain any opinion by the trial court. The remedy for a trial court's non-compliance with Pa.R.A.P. 1925(a) is remand to the trial court with directions that an opinion be prepared and returned to the appellate court. ***See Commonwealth v. Hood***, 872 A.2d 175, 178 (Pa. Super. 2005) (citation omitted). The absence of a trial court opinion "poses

_____

[2] Appellees have not filed a responsive brief.

- 3 -

a substantial impediment to meaningful and effective appellate review," and is critical to this Court's "thorough and proper review on appeal." **Commonwealth v. McBride**, 957 A.2d 752, 758 (Pa. Super. 2008).

Here, Appellant challenges the trial court's order which dismissed his petition for failing to attach a certificate of merit and being frivolous. Order, 1/31/18. Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff to file a certificate of merit in a professional liability action in which it is alleged that a licensed professional deviated from the acceptable standard of care. **See Anderson v. McAfoos**, 57 A.3d 1141, 1153 (Pa. 2012). In this case, Appellant did not file a complaint alleging professional liability. Rather, he filed a writ of habeas corpus alleging that he received inadequate medical care that was "in violation of and subject[ed Appellant] to cruel and unusual treatment in violation of the 8th Amend[ment]." Petition, 12/28/17. Appellant did not seek damages. His petition clearly requested injunctive relief, specifically, "an injunction ordering the reinstatement of petitioner's long standing treatment for his eczema skin disease." **See id.** In **Commonwealth ex rel. Bryant v. Hendrick**, 280 A.2d 110 (Pa. 1971), our Supreme Court extended the writ's scope to allow it to be employed to secure relief from prison conditions constituting cruel and unusual punishment. **Id.** at 112-13. Regarding such a claim:

> To succeed, a claim that prison conditions violate the Eighth Amendment must satisfy both an objective and subjective requirement—the conditions must be "sufficiently serious" from an objective point of view, meaning that they involve denial of the

minimum civilized measure of life's necessities, and the plaintiff must demonstrate that prison officials acted subjectively with "deliberate indifference." **Farmer** [**v. Brennan**, 511 U.S. 825, 832 (1994)]; **Rhodes** [**v. Chapman**, 452 U.S. 337, 347 (1981)]. Deliberate indifference exists if an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." **Farmer**, 511 U.S. at 837.

**Neely v. Department of Corrections**, 838 A.2d 16, 20 n.6 (Pa. Cmwlth. 2003).

Instantly, rather than making a finding regarding deliberate indifference, the trial court concluded that Appellant's petition was "frivolous pursuant to Pa.R.C.P. 240(j)." Rule 240 addresses *in forma pauperis* status and states:

If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240. Our review of the record reveals no basis upon which to conclude that Appellant's action is or is not frivolous. Appellees have filed no pleadings and the trial court did not schedule or hear argument or conduct an evidentiary hearing.

Based on the foregoing, we reverse the trial court's order. Appellant was not required to attach or provide a certificate of merit to his petition for writ of habeas corpus. Appellees have not filed any pleadings or otherwise responded to Appellant's petition. The record is devoid of any pleadings or

evidence to indicate whether or not Appellant's action is frivolous, whether his condition is "sufficiently serious," and whether Appellees demonstrated "deliberate indifference." As noted, the trial court failed to author a Rule 1925(a) opinion. Accordingly, we remand for further proceedings consistent with this memorandum. Appellees shall have the opportunity to respond to Appellant's petition, and the trial court may conduct an evidentiary hearing and/or argument. In the event that either party seeks to appeal the trial court's disposition following remand, such appeal shall be taken to the Commonwealth Court, which is the proper court for the appeal of a trial court's disposition of an inmate claim of inadequate medical care. *See*, *e.g.*, *Williams v. Syed*, 782 A.2d 1090 (Pa. Cmwlth. 2001); *Kretchmar v. Department of Corrections*, 831 A.2d 793 (Pa. Cmwlth. 2003). Finally, if an appeal is taken, we emphasize that the trial court shall, if the reasons for its decision are not clearly of record, file a Pa.R.A.P. 1925 opinion to ensure meaningful and effective appellate review.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2018

- 6 -