## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Alfonso Pew, : | |
|            Petitioner : | |
| : | |
|     v. : | |
| : | |
| John Wetzel-Secretary of Corrections, : | |
| George Little-Secretary of Corrections, : | |
| Shirley Smeal-Secretary of Corrections, : | |
| Tabb Bickell-Secretary of Corrections, : | |
| Tammy Ferguson-Secretary of : | |
| Corrections, Dorina Varner-Chief : | |
| Grievance Officer, Keri Moore- : | |
| Grievance Officer Assistant, Safety : | |
| Inspections Central Office, Ms. Orlando-: | |
| C.S.A. at S.C.I. PHX, Ms. K. Owens- : | |
| C.S.A. at S.C.I. PHX, Mr. K. Sorber- : | |
| Supt. at S.C.I. PHX, N. Paul-C.S.A. at : | |
| S.C.I.-R, K. Brubaker-C.S.A. at : | |
| S.C.I.-R, B. Salamon-Supt. at S.C.I.-R, : | |
| Garmin-Supt. at S.C.I.-R, McMahon- : | |
| Dep. at S.C.I.-R, Rivello-Dep. at : | |
| S.C.I.-R, Houser-Dep. at S.C.I.-R., : | |
| Rowe-Dep. at S.C.I.-R, Dyke-Dep. at : | |
| S.C.I.-R, H. Haldeman-Maj. at S.C.I.-R, : | |
| Clark-UIM at S.C.I.-R, Knapp-UIM at : | |
| S.C.I.-R, Miller-C.C.P.M. at S.C.I.-R, : | |
| Safety Inspector at S.C.I.-R, : | |
| Maintenance Supervisor at S.C.I.-R, : | |
| Plumbing Supervisor at S.C.I.-R, : | |
| Internal Security at S.C.I.-R, CO : | |
| Holtzman at S.C.I.-R, CO Cram at : | |
| S.C.I.-R, CO Mattis at S.C.I.-R, CO : | |
| Reece at S.C.I.-R, CO Fisher at : | |
| S.C.I.-R, Lt. Lytle at S.C.I.-R, : | |
| Captain Andrews at S.C.I.-R, CO John : | |
| Doe at S.C.I.-R, Dr. Metz at S.C.I.-R, : | |
| Dr. Weber at S.C.I.-R, Dr. Preston at : | |
| S.C.I.-R, R. Ellers-C.H.C.A. at S.C.I.-R, :   No. 328 M.D. 2022 | |
|            Respondents :   Submitted: March 10, 2023 | |

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED:  July 21, 2023


        Before the Court are "Defendants' Preliminary Objections to Complaint" (Preliminary Objections), in the nature of a demurrer,[1] filed by the Department of Corrections (Department) Respondents (collectively, Respondents)[2] in response to *pro se* petitioner Alfonso Pew's (Petitioner) petition for review (Petition),[3] which seeks declaratory and injunctive relief as well as monetary damages based on the Department's purportedly insufficient procedures pertaining

---

[1] Pennsylvania Rule of Civil Procedure 1028(a)(4) provides that preliminary objections may be filed by any party for legal insufficiency of a pleading (demurrer).  *See* Pa.R.Civ.P. No. 1028(a)(4).  A preliminary objection in the nature of a demurrer tests "the legal sufficiency" of the petition and will be sustained only in cases where the pleader has "clearly failed to state a claim for which relief can be granted."  *Clark v. Beard*, 918 A.2d 155, 158-59 n.4 (Pa. Cmwlth. 2007).  "The demurrer may be granted only in cases which are so free from doubt that a trial would certainly be a fruitless exercise."  *Id*.

[2] The Petition names 40 separate "defendants," whom we refer to collectively as "Respondents," and who consist of various Department of Corrections (Department) personnel, supervisors, and contractors and multiple State Correctional Institutions (SCIs).  The only Respondents properly served with the Petition are Respondents Wetzel, Little, Smeal, Bickell, Ferguson, Moore, Varner, and the Safety Inspectors Office.  The remaining 32 Respondents were not properly served with the Petition.

[3] Petitioner Alfonso Pew (Petitioner) originally filed his Complaint in the Court of Common Pleas of Cumberland County (Common Pleas), which transferred the matter to this Court by order dated May 18, 2022.  We treat the Complaint as a petition for review herein and refer to it herein as the Petition.

to COVID-19 at the State Correctional Institutions (SCIs) where Petitioner was housed during the COVID-19 pandemic.[4]  Upon review, we sustain the Preliminary Objections and dismiss the Petition with prejudice.[5]

On March 21, 2022, Petitioner filed the Petition as a complaint in the Court of Common Plea of Cumberland County (Common Pleas).[6]  To the extent discernable, the Petition alleges that the Department and Respondents' insufficient COVID-19 procedures placed him at imminent risk of contracting COVID-19, thus violating his rights under the Eighth Amendment of the United States Constitution[7] and inflicting physical pain and psychological suffering upon him.  *See generally* Petition.  Petitioner alleges, *inter alia*, that the Department failed to implement adequate measures to reduce the spread of COVID-19 such as requirements as to the wearing of masks, appropriate social distancing, and the availability of hand sanitizers.  Respondents filed the Preliminary Objections in Common Pleas, averring that the Petition failed to state a claim upon which relief could be granted because it failed to allege sufficient personal involvement on behalf of the served Respondents and/or failed to adequately plead any violation of the Eighth Amendment.  *See*

---

[4] SCI-Phoenix and SCI-Rockview.

[5] In ruling on preliminary objections, this Court "must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom." *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).  "The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.*  "In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id.*

[6] On April 7, 2022, Common Pleas granted Petitioner's motion to amend the Petition.

[7] The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.

Preliminary Objections at 4-9.[8]  Common Pleas transferred the matter to this Court by order dated May 18, 2022, and the Preliminary Objections were docketed with this Court on June 21, 2022.  The parties have submitted briefs, and the matter is now ripe for determination.

We begin with a review of Respondents' demurrer on the basis that the allegations of the Petition do not amount to a violation of the Eighth Amendment of the United States Constitution because the allegations fail to state a claim of deliberate indifference to Petitioner's serious medical needs, as the objection is dispositive of this matter.  *See* Preliminary Objections at 7-9.  The Eighth Amendment prohibits "cruel and unusual punishments."  U.S. Const. amend. VIII.  "Specifically with respect to medical conditions, the prohibition against cruel and unusual punishment encompasses deliberate indifference to 'serious medical needs' of prisoners, which has been determined to constitute constitutionally impermissible 'unnecessary and wanton infliction of pain.'"  *Cook v. Garman* (Pa. Cmwlth. No. 58 C.D. 2021, filed Feb. 28. 2022),[9] slip op. at 3 (quoting *Arocho v. County of Lehigh*, 922 A.2d 1010, 1015 (Pa. Cmwlth. 2007)); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (concluding that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment" (internal citation and quotation marks omitted)).  Such indifference may be manifested "by prison doctors in their response to the prisoner's

---

[8] The Preliminary Objections also raised an objection based on the subject jurisdiction of Common Pleas.  *See* Preliminary Objections at 2-3.  Common Pleas' transfer of the matter to this Court resolved this preliminary objection.

[9] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

4

needs or by prison [personnel] in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05 (footnotes omitted).

"The deliberate indifference standard contains both an objective element and a subjective element." *Kretchmar v. Dep't of Corr.*, 831 A.2d 793, 798 (Pa. Cmwlth. 2003). Accordingly, "[i]n order to state a claim alleging deliberate indifference, an inmate must allege that: (1) the deprivation of medical care is objectively sufficiently serious; and (2) subjectively, [] prison officials acted with a culpable state of mind, being aware of, and disregarding, an excessive risk to the inmate's health and safety." *Baez v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 311 M.D. 2013, filed Mar. 18, 2014), slip op. at 6; *see also Neely v. Dep't of Corr.*, 838 A.2d 16, 20 n.6 (Pa. Cmwlth. 2003).

The Supreme Court of the United States has explained that "with respect to the objective factor, determining whether [inmates'] conditions of confinement violate the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that [] injury to health will actually be caused[.]" *Helling v. McKinney*, 509 U.S. 25, 36 (1993). Regarding deliberate indifference, the Supreme Court has explained that this subjective factor "should be determined in light of the prison authorities' current attitudes and conduct[.]" *Id.* Thus, the Supreme Court has explained that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[,]" which requires that the official (1) became "aware of facts from which the inference could be drawn that a substantial

5

risk of serious harm exists," (2) subjectively drew such an inference, and then (3) ignored the substantial risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Incidence of disease or infection in densely populated residence situations such as prisons, standing alone, does not necessarily constitute unconstitutional confinement conditions. *See Shepherd v. Dallas Cnty.*, 591 F.3d 445, 454 (5th Cir. 2009) ("[I]solated examples of illness, injury, or even death, standing alone, cannot prove that conditions of confinement are constitutionally inadequate. Nor can the incidence of diseases or infections, standing alone, imply unconstitutional confinement conditions, since any densely populated residence may be subject to outbreaks."). Further, as the Supreme Court of the United States has explained:

> [P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. A prison official's duty under the Eighth Amendment is to ensure "reasonable safety," a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions. Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause.

*Farmer*, 511 U.S. at 844-45 (internal citations and some quotation marks omitted).

Here, assuming the objective prong to establish a deliberate indifference claim is satisfied,[10] we agree with Respondents that Petitioner cannot

---

[10] *See Dixon v. United States*, No. 20-5994, 2020 WL 3249231, at *3 (D.N.J. June 16, 2020) (concluding that the inmate-plaintiff could meet the objective prong of an Eighth Amendment claim "because COVID-19 is a very contagious virus that can cause serious health

6

satisfy the subjective prong. The Petition does not contain allegations demonstrating that Respondents disregarded the risk to inmate health and safety presented by COVID-19. On the contrary, the Petition contains multiple references to Respondents' efforts to employ preventative measures including increased sanitation efforts, increased screening and testing of inmates and staff members, and isolation of individuals displaying signs of COVID-19 infection. *See generally* Petition. Throughout the Petition, Petitioner expresses dissatisfaction with the extent and efficacy of Respondents' efforts, but does not allege that Respondents ignored appreciated risks of harm presented by COVID-19. Given the unique circumstances presented by the worldwide spread of the COVID-19 pandemic, the Petition fails to allege facts suggesting that the Department, and therefore Respondents, responded unreasonably to the unprecedented situation or subjectively disregarded an excessive risk to inmate health so as to support a deliberate indifference claim under the Eighth Amendment of the United States Constitution. *See Swain v. Junior*, 961 F.3d 1276, 1289 (11th Cir. 2020) ("We simply cannot conclude that, when faced with a perfect storm of a contagious virus and the space constraints inherent in a correctional facility, the defendants here acted unreasonably by 'doing their best.'"). Accordingly, we sustain Respondents' preliminary objection in the nature of a demurrer. *See Farmer*, *Shepherd*, *Swain*.

---

complications or death in vulnerable people"). Respondents do not dispute that COVID-19 presents a serious health risk. *See* Respondents' Br. at 14.

For the foregoing reasons, we sustain the Preliminary Objections[11] and dismiss the Petition with prejudice.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[11] Because we determine that the Petition failed to state a claim and therefore sustain the Preliminary Objection in the nature of a demurrer, we need not reach the Preliminary Objection that alleged the Petition pleaded insufficient personal involvement of the various served Respondents.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alfonso Pew,                                          :
                          Petitioner                  :
                                                      :
            v.                                        :
                                                      :
John Wetzel-Secretary of Corrections,                 :
George Little-Secretary of Corrections,               :
Shirley Smeal-Secretary of Corrections,               :
Tabb Bickell-Secretary of Corrections,                :
Tammy Ferguson-Secretary of                           :
Corrections, Dorina Varner-Chief                      :
Grievance Officer, Keri Moore-                         :
Grievance Officer Assistant, Safety                   :
Inspections Central Office, Ms. Orlando-              :
C.S.A. at S.C.I. PHX, Ms. K. Owens-                   :
C.S.A. at S.C.I. PHX, Mr. K. Sorber-                  :
Supt. at S.C.I. PHX, N. Paul-C.S.A. at                :
S.C.I.-R, K. Brubaker-C.S.A. at                       :
S.C.I.-R, B. Salamon-Supt. at S.C.I.-R,               :
Garmin-Supt. at S.C.I.-R, McMahon-                    :
Dep. at S.C.I.-R, Rivello-Dep. at                     :
S.C.I.-R, Houser-Dep. at S.C.I.-R.,                   :
Rowe-Dep. at S.C.I.-R, Dyke-Dep. at                   :
S.C.I.-R, H. Haldeman-Maj. at S.C.I.-R,               :
Clark-UIM at S.C.I.-R, Knapp-UIM at                   :
S.C.I.-R, Miller-C.C.P.M. at S.C.I.-R,                :
Safety Inspector at S.C.I.-R,                         :
Maintenance Supervisor at S.C.I.-R,                   :
Plumbing Supervisor at S.C.I.-R,                      :
Internal Security at S.C.I.-R, CO                     :
Holtzman at S.C.I.-R, CO Cram at                      :
S.C.I.-R, CO Mattis at S.C.I.-R, CO                   :
Reece at S.C.I.-R, CO Fisher at                       :
S.C.I.-R, Lt. Lytle at S.C.I.-R,                      :
Captain Andrews at S.C.I.-R, CO John                  :
Doe at S.C.I.-R, Dr. Metz at S.C.I.-R,                :
Dr. Weber at S.C.I.-R, Dr. Preston at                 :
S.C.I.-R, R. Ellers-C.H.C.A. at S.C.I.-R, :   No. 328 M.D. 2022
                          Respondents                 :

## O R D E R

AND NOW, this 21st day of July, 2023, the Respondents' preliminary objections to *pro se* petitioner Alfonso Pew's Complaint, which we treat as a petition for review, are SUSTAINED, and the petition for review is DISMISSED with prejudice.

_____
CHRISTINE FIZZANO CANNON, Judge