

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2006

# Brooks v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3196

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Brooks v. Beard" (2006). *2006 Decisions.* Paper 1582.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1582

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-112                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3196
_____

ISAAC BROOKS, JR.,

Appellant

v.

JEFFREY A. BEARD; FRANKLIN J. TENNIS;
RICHARD ELLER; DEPARTMENT OF CORRECTIONS
OF PENNSYLVANIA

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 05-cv-1041)
District Judge: Honorable Malcolm Muir

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Possible Summary
Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2006
Before:   ROTH, FUENTES AND VANANTWERPEN , <u>Circuit</u> <u>Judges</u>

(Filed: February 14, 2006 )

_____

OPINION

_____

PER CURIAM

     Isaac Brooks, Jr., appeals from an order of the United States District Court for the

Middle District of Pennsylvania dismissing his complaint brought under 42 U.S.C. § 1983. In 2003, Brooks, who is currently incarcerated at the Rockview State Correctional Institution ("SCI-Rockview"), filed this civil rights action, asserting Eighth Amendment and negligence claims in connection with an injury he sustained while in his cell. Brooks asserts that his Achilles tendon was torn by a two-inch metal pipe protruding from the floor in his cell and that he did not receive proper medical attention for this injury at the time it occurred or subsequently. Brooks seeks monetary damages and injunctive relief.

Brooks was granted in forma pauperis status in the District Court pursuant to 28 U.S.C. § 1915. As Brooks's complaint named governmental officers and employees as defendants, the District Court carried out its obligation to screen the complaint under 28 U.S.C. § 1915A, prior to service of process. The District Court dismissed the complaint as legally frivolous under § 1915(e)(2)(B)(i), and Brooks timely filed this appeal, again proceeding pro se.

Our review of the District Court's dismissal under § 1915(e)(2)(B) is plenary, and, as the allegations in the complaint do not appear to be factually frivolous, we must accept them as true along with all reasonable inferences that can be drawn from them. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).[1]

_____

[1]Appellees have notified this Court that they will not be participating in the appeal.

To state an Eighth Amendment claim based on inadequate medical treatment, Brooks must allege that Appellees were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1988). Brooks can demonstrate "deliberate indifference" by showing that Appellees were "aware of facts from which the inference can be drawn that a substantial risk of serious harm exists and [that they] also [drew] the inference." See Farmer v. Brennan, 511 U.S. 825, 837 (1994). However, because this is an action under § 1983, Brooks cannot rely solely on respondeat superior as a theory of liability; rather, he must show personal involvement by Appellees by alleging personal direction, actual knowledge, or acquiescence. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Our review of the complaint reveals no facts alleging personal involvement on the part of Appellees, who are prison officials and administrators. Although the complaint alleges that Appellees responded inappropriately to Brooks's later-filed grievances about his medical treatment, these allegations do not establish Appellees' involvement in the treatment itself. As a result, this claim lacks an arguable basis in law and was properly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We also agree with the District Court that, irrespective of the question of Appellees' personal involvement, Brooks's allegations do not demonstrate "deliberate indifference" at all, as they state no more than negligence. See Dist. Ct. Op. at 5. Brooks's complaint asserts that treatment for his injury was delayed by the prison medical

department. However, the complaint also relates that when Brooks was eventually seen, he refused to sign a cash slip as required by prison policy, thereby causing a further delay in his treatment. Brooks's nonchalant behavior in refusing to sign the cash slip belies his assertion that his injury constituted an "excessive risk" to his health and, consequently, undermines any attempt to show deliberate indifference on the part of medical department personnel, even if he had named any of them as defendants. See Farmer, 511 U.S. at 837. Under these circumstances, Brooks cannot state a claim of deliberate indifference on the basis of the delay in treatment. Cf. Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987). Similarly, Brooks's disagreement with the medical decisions regarding follow-up visits to the specialist and physical therapy, without more, does not state an Eighth Amendment violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).

Brooks's complaint also alleges that the metal pipe in his cell floor constituted a "dangerous condition" under the real property exception to Pennsylvania's Sovereign Immunity Act, 42 Pa. Cons. Stat. Ann. §§ 8521-8553. Under this exception, in certain circumstances, the state may be found liable for damages caused by "[a] dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property..." See 42 Pa. C.S.A. § 8522(b)(4). The District Court did not specifically address this argument, holding generally that Brooks's suit against the Pennsylvania Department of Corrections was barred by the state's Eleventh Amendment immunity. We agree and note, for clarification purposes, that the real property exception

to sovereign immunity does not apply here. Although the Pennsylvania legislature has carved out nine exceptions, including the one described above, to its sovereign immunity from suit, the state has expressly retained its Eleventh Amendment immunity for purposes of federal lawsuits: "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 8521(b). Therefore, Brooks's attempt to invoke the real estate exception is misplaced in this lawsuit.

For the foregoing reasons, we will summarily affirm the District Court's judgment.