# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brentt Sherwood, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 767 M.D. 2018 |
| | : | Submitted: December 13, 2019 |
| Pennsylvania Department of | : | |
| Corrections; John E. Wetzel; | : | |
| Bruce Beemer; Robert Gilmore; | : | |
| Karen Patterson; Tiffany Pauley; | : | |
| Joan Kennedy; J. Carter; Theron R. | : | |
| Perez; Dorina Varner; Keri Moore; | : | |
| Justin Dunkelberger; Jamie Saleski; | : | |
| Sarah Snyder; Tracy Shawley; | : | |
| Crystal Greenawalt; Leslie Wynn; | : | |
| Mindy Andreetti; John/Jane Doe | : | |
| (1-99), | : | |
| Respondents | : | |

**BEFORE:** **HONORABLE RENÉE COHN JUBELIRER,** Judge
**HONORABLE PATRICIA A. McCULLOUGH,** Judge
**HONORABLE ELLEN CEISLER,** Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED: September 9, 2020**

Presently before the Court are the preliminary objections in the nature of demurrers filed by: the Pennsylvania Department of Corrections (DOC), John E. Wetzel, Robert Gilmore, Karen Patterson, Tiffany Pauley, Joan Kennedy, J. Carter, Theron R. Perez, Dorina Varner, Keri Moore, Tracy Shawley, Crystal Greenawalt, Leslie Wynn, and Mindy Andreetti, all of whom are employed by DOC

(collectively, DOC Respondents); Justin Dunkelberger, Jamie Saleski, and Sarah Snyder, all of whom are or were employed by Northumberland County (County Respondents); and former Attorney General Bruce Beemer (Beemer) (together, Respondents) to Brentt Sherwood's (Sherwood) Amended Petition for Review (Amended Petition) filed in our original jurisdiction.[1]  Also before the Court are Sherwood's preliminary objections to some of Respondents' preliminary objections.  Sherwood, an inmate at the State Correctional Institution at Greene (SCI-Greene), challenges the deduction of $15,560.22 from his inmate account for alleged outstanding fines, costs, fees, and restitution arising from his various criminal convictions.  Sherwood argues these deductions were contrary to the various sentencing court orders entered in his criminal matters, are not authorized under any law or DOC Administrative Policy, and/or violate his rights under several provisions of the United States and Pennsylvania Constitutions.

---

[1] At the time of the allegations in Sherwood's Amended Petition:  Wetzel was Secretary of Corrections; Gilmore was superintendent of the State Correctional Institution at Greene (SCI-Greene); Patterson was SCI-Greene's business manager; Pauley was an accountant at SCI-Greene; Kennedy was an accounting clerk at SCI-Greene; Carter worked in SCI-Greene's inmate accounting department; Perez was DOC's chief counsel; Varner was DOC's Chief Grievance Officer; Moore was DOC's Assistant Chief Grievance Officer; Shawley was SCI-Greene's Grievance Coordinator and Superintendent's Assistant; Greenawalt was an Administrative Officer 2 of SCI-Greene and designee of Shawley; Wynn was a Fiscal Management Specialist at SCI-Greene; Andreetti was an Administrative Officer 1 of SCI-Greene and designee of Shawley; Dunkelberger was the Prothonotary for Northumberland County (County); Saleski was the subsequent Prothonotary of County; Snyder was the Court Costs Supervisor for County; and Beemer was the Attorney General.  (Amended (Am.) Petition ¶¶ 3-20.)  Because it appears that Sherwood contends that Kennedy and Carter may be the same person, we will refer to that person as Kennedy or Kennedy/Carter.

Although not affecting the Court's analysis or resolution, we note for the sake of accuracy that Beemer served as Attorney General from August 31, 2016, to January 17, 2017, *see* https://www.attorneygeneral.gov/the-office/ (last visited September 8, 2020), which is not during the relevant times alleged in the Amended Petition.

Initially, we observe that when ruling on preliminary objections, the Court must accept all well-pleaded factual allegations as true, along with any inferences reasonably deduced therefrom. *Neely v. Dep't of Corr.*, 838 A.2d 16, 19 n.4 (Pa. Cmwlth. 2003). Preliminary objections should not be sustained unless it "appear[s] with certainty that the law will not permit recovery and any doubt should be resolved by a refusal to sustain them." *Id.* With these standards in mind, we now turn to the facts as alleged by Sherwood.

### I. Amended Petition

*A. Factual Allegations*

Sherwood filed his initial Petition for Review on December 10, 2018, and the Amended Petition on April 22, 2019. In the Amended Petition, Sherwood alleges as follows. Sherwood is currently serving sentences for the following criminal convictions from Northumberland County (County). On November 25, 2002, Sherwood was sentenced for convictions at Docket Numbers CP-49-CR-0000633-2002 (Docket 633), CP-49-CR-0000634-2002 (Docket 634), and CP-49-CR-0000827-2002 (Docket 827). Sherwood pled guilty at Docket 634 and was sentenced "to pay costs, a $365.00 fine, fees, $175.00 in restitution[,] and [serve] nine (9) [to] twenty-three (23) months." (Amended (Am.) Petition ¶ 27.) At Docket 633, Sherwood pled *nolo contendere* and was initially sentenced on that date "to pay all costs, a $300.00 fine, fees and [serve] three (3) [to] twenty-three (23) months on Count 2" and to "pay costs, a $365.00 fine, fees, $8,768 in restitution and [serve] twelve[ ](12) months['] probation on Count 5 to run consecutive to" his conviction on Count 1 of Docket 634. (*Id.* ¶ 21.) Upon the revocation of Sherwood's probation on December 21, 2004, Sherwood was resentenced at Docket 633 "on February 3, 2005[,] to 'pay all costs, fines and fees

3

as previously imposed' and [serve] fourteen . . . [to] twenty-four (24) months on Count 5 to run consecutive to" Count 3 of CP-49-CR-0000126-2004 (Docket 126). (*Id.* ¶ 22.) The sentencing court issued an amended order in Docket 633 on February 28, 2005, sentencing Sherwood "to 'pay all costs, fines and fees as previously imposed' and [serve] four[ ](4) [to] twelve[ ](12) months to run consecutive to" Count 1 of Docket 126. (*Id.* ¶ 23.) Sherwood pled guilty at Docket 827 and was sentenced "to pay costs, a $500.00 fine, $90.00 restitution[,] and [serve] nine (9) [to] twenty-three (23) months." (*Id.* ¶ 29.) Sherwood asserts that his sentences at Dockets 633, 634, and 827, which occurred "on the same date, at the same time, and by the same judge," constitute "one sentencing event, pursuant to DC-ADM 005, sec. 3.8.7.a," meaning he was liable only for one Crime Victims Compensation Fund (CVCF) fee at those dockets. (*Id.* ¶¶ 30, 53, 75, 78, 81.)

On April 6, 2004, Sherwood was sentenced at Docket 126, based on his guilty plea, "to pay costs, a $300.00 fine[,] and [serve] twelve[ ](12) months['] probation on Count 1" and to "pay costs, a $500.00 fine[,] and [serve] twelve[ ](12) months['] probation on Count 3 to run consecutive to Count 1." (*Id.* ¶ 32.) Sherwood's probation was revoked on December 21, 2004, and he was resentenced "on February 3, 2005[,] to 'pay all costs, fines[,] and fees as previously imposed' and [serve] four[ ](4) [to] twelve[ ](12) months with credit consecutive to Count 1 on Count 1 and to 'pay all costs, fines[,] and fees as previously imposed and [serve] fourteen (14) [to] twenty-eight (28) months on Count 3.'" (*Id.* ¶ 33.) Also as in Docket 633, the sentencing court issued an "Amended Order" on February 28, 2005, that "sentenced [Sherwood] to 'pay all costs, fines[,] and fees as

4

previously imposed' and [serve] twelve[ ](12) [to] twenty-four[ ](24) months on Count 1 to run consecutive to . . . Count 3." (*Id.* ¶ 34.)

Finally, Sherwood was tried and convicted at Docket Number CP-49-0000342-2005 (Docket 342) and was sentenced to death on Count 1 on July 30, 2007. In addition, Sherwood was sentenced to "pay costs, a $2,500.00 fine[,] and [serve] three-and-a-half[ ](3 ½) [to] seven[ ](7) years on Count 3 to run consecutive to Count 1." (*Id.* ¶ 37.)

Between April 2005, when Sherwood entered DOC's custody, and April 6, 2017, no deductions were made from Sherwood's inmate account other than a $60 CVCF fee in April 2008. (*Id.* ¶ 43.) On or about March 24, 2017, Sherwood received a $15,000 settlement check to resolve an action he had filed in federal court against Jeffrey A. Beard, DOC's then-Secretary, and other DOC employees in *Sherwood v. Beard*, (W.D. Pa., 11-CV-040). (*Id.* ¶¶ 45, 62.) The settlement proceeds were "paid from funds appropriated from the Employee Liability Self-Insurance Program (ELSIP)[,]" not "from funds appropriated by the General Assembl[]y or by a political subdivision or an insurance policy purchased by the Commonwealth or political subdivision." (*Id.* ¶ 62 (quoting Section 6608 of the Prison Litigation Reform Act (PLRA), 42 Pa.C.S. § 6608[2]).) Over Sherwood's

---

[2] Section 6608 provides, in relevant part:

> Monetary damages awarded to a prisoner in connection with prison conditions litigation or paid in settlement of prison conditions litigation which is payable from funds appropriated by the General Assembly or by a political subdivision or an insurance policy purchased by the Commonwealth or political subdivision shall first be used to satisfy any outstanding court orders requiring the prisoner to pay restitution, costs, bail, judgments, fines, fees, sanctions or other court-imposed amounts in connection with a criminal prosecution or sentence. Upon receipt of a copy of an outstanding court order, the government party or person designated by the government party shall deduct the full amount owed from the

**(Footnote continued on next page…)**

"adamant object[ions]," Beemer, by and through an agent of his office, deposited those settlement monies into Sherwood's inmate account. (*Id.* ¶¶ 48-49.) On March 29, 2017, Sherwood requested Pauley, the SCI-Greene Accountant, to issue a check for $5000 to his mother. (*Id.* ¶ 50.) Kennedy denied Sherwood's request asserting that a 10-day hold was required for all transactions over $3500, requiring Sherwood to resubmit his request on April 7, 2017. (*Id.*)

Before Sherwood could resubmit his request, Pauley notified Sherwood on April 4, 2017, of his "purported court-related monetary obligations" and provided a listing of those obligations. (*Id.* ¶ 51.) This notice stated in relevant part:

> You received a settlement check in the amount of $15,000 from the Commonwealth of PA which was credited to your account on 3/24/1[7[3]]. Pursuant to [Section 6608 of the PLRA] . . . . "**By statute in the Pennsylvania state PLRA, any settlement [sic] favor of inmate regarding prison conditions litigation must go first to pay off any outstanding restitution, costs, etc. associated with the criminal sentence. We are specifically forbidden by statute to take this into account in negotiations.**" This is a separate statute from [Section 9728(b)(5) of the Sentencing Code, which is commonly referred to as] Act 84[, 42 Pa.C.S. § 9728(b)(5)].

(Am. Petition, Ex. 6-A (emphasis in original).) The notice included "some, but not all, of the 'outstanding' court orders and other court documents . . . Pauley used to determine [Sherwood's] obligations," including: $9838.99 from Docket 633;

---

**(continued…)**

> remaining moneys and arrange to pay it directly to the person or entity owed in accordance with Pennsylvania law.

42 Pa.C.S. § 6608.

[3] The notice uses "3/24/16" as the date the settlement check was deposited in Sherwood's account; however, it is apparent from the Amended Petition's averments and Sherwood's inmate account records that the check was deposited on March 24, 2017.

$252.92 from Docket 634; and $4113.27 from Docket 342, for a total of $14,205.18 to be deducted from Sherwood's inmate account in a lump sum. (Am. Petition ¶ 51.) In addition to these obligations, the notice also stated "that the following purported court-related obligations would be 'put into the system and deductions will occur pursuant to DC-ADM 005'" for $1608.07 from Docket 126 and $855.71 from Docket 827, for a total of $2463.78. (*Id.*) The notice attached court orders and "Itemized Account of Fines, Costs, Fees, and Restitution" (Itemized Accounts) certified by Dunkelberger for Dockets 633, 634, and 342. (*Id.* ¶ 59.) On April 7, 2017, the following amounts were deducted from Sherwood's prison account by Kennedy pursuant to "Act 84," 42 Pa.C.S. § 9728(b)(5),[4] not Section 6608 or DC-ADM 005:[5] $9798.99 (Docket 633), $4113.27 (Docket 634), $815.71 (Docket 827), and $252.92 (Docket 634). (*Id.* ¶¶ 54-55.) Pauley sent

---

[4] Act 84 provides, in relevant part:

(i) [DOC] shall make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts for the purpose of collecting restitution, costs imposed under section 9721(c.1), filing fees to be collected under section 6602(c) (relating to prisoner filing fees) and any other court-ordered obligation.
. . . .
(iii) . . . . Any amount deducted shall be transmitted [by DOC] to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted.

(iv) [DOC] . . . shall develop guidelines relating to its responsibilities under this paragraph. . . .

42 Pa.C.S. § 9728(b)(5)(i), (iii), (iv).

[5] DC-ADM 005 is DOC's administrative policy that relates to the collection of inmate debts, and the policy can be found at https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/005%20Collection%20of%20Inmate%20Debts.pdf (last visited September 8, 2020).

Sherwood a corrected version of the notice on April 10, 2017, reflecting that certain CVCF fees had not been included in the amounts for Dockets 633, 634, 342, and 827, which increased the total amount to be deducted "pursuant to [Section ]6608" for those cases to $14,980.89, and an additional amount would be deducted "pursuant to DC-ADM 005" for the CVCF fee for Docket 126. (*Id.* ¶ 52.)

Sherwood corresponded with Pauley and Kennedy on April 12 and 13, 2017, regarding his concerns about the deductions, including the lack of all the outstanding court orders. (*Id.* ¶ 73.) Kennedy responded that these obligations were Act 84 deductions despite the earlier notice identifying Section 6608 as authorizing the deduction. (*Id.*) Sherwood filed a grievance on April 15, 2017, challenging all of the deductions. (*Id.* ¶ 64.) After Sherwood filed his grievance, additional deductions were made for CVCF fees at Dockets 633, 827, and 126. (*Id.* ¶ 65.) Regular deductions were then made from Sherwood's inmate account whenever funds were deposited into the account, and deductions continued despite his pending grievance. (*Id.* ¶¶ 66-67.) Sherwood filed additional grievances regarding these continuing deductions and the additional CVCF fee deductions. (*Id.* ¶¶ 81, 101.) Sherwood continued to send letters to various SCI-Greene officials and employees explaining why the deductions were not authorized. (*Id.* ¶¶ 81, 85-86.) Sherwood's grievances were denied, and those denials were upheld all the way up through Varner, DOC's Chief Grievance Officer.

### B. Legal Claims

Sherwood asserts five counts based on the above facts. Count 1 seeks declaratory judgment under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531-7541, on the basis that the lump sum deductions and multiple CVCF fees for a

single sentencing event were not authorized by Act 84, Section 6608, DC-ADM 005,[6] the various sentencing orders, or statutes purporting to impose fees, and, therefore, violated a number of Sherwood's rights under the United States and Pennsylvania Constitutions. (*Id.* ¶¶ 153-60.) He asserts the unauthorized deductions violate the Supremacy Clause; the ex post facto clauses found in Article I, Section 10 of the United States Constitution and article I, section 17 of the Pennsylvania Constitution;[7] the separation of powers clause found in article V, sections 1 and 10 of the Pennsylvania Constitution;[8] and the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and article I, section 1 of the Pennsylvania Constitution.[9] Count 2 asserts that: DOC Respondents acted negligently, either on their own part or through the actions of those they supervised, in the care, custody, and control of Sherwood's property, the money in his inmate account; County Respondents acted negligently in calculating

---

[6] Sherwood cites Section 3(A)(2)(e)(2) of DC-ADM 005, which authorizes the collection of "[a]n initial deduction of 20% of any remaining account balance exceeding $10.00 to satisfy other financial obligations set forth this policy . . . ." (Am. Petition, Ex. 1-C.)

[7] Article I, section 17 of the Pennsylvania Constitution provides that "No ex post facto law . . . shall be passed." PA. CONST. art. I § 17. Article I, Section 10 of the United States Constitution also forbids the passage of a law that would impose punishment for an act that was not punishable at the time the act was committed or would impose additional punishment to that then imposed. *See Weaver v. Dep't of Corr.*, 720 A.2d 178, 182 (Pa. Cmwlth. 1998).

[8] Article V, sections 1 and 10 relate to the creation of the unified judicial system and the Supreme Court's "authority over all the courts." PA. CONST. art. V, §§ 1, 10.

[9] The due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution provide, respectively, that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law," "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amends. V, XIV. Article I, section 1 of the Pennsylvania Constitution states "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." PA. CONST. art. I, § 1.

Sherwood's monetary obligations to include amounts he did not owe and retaining the amounts transmitted from DOC; and Beemer acted negligently in allowing the settlement proceeds to be deposited into Sherwood's inmate account, which ultimately resulted in the unlawful deductions by DOC Respondents. (*Id.* ¶¶ 161-67.) Count 3 asserts that Respondents' actions have violated the Supremacy Clause of the United States Constitution[10] because Section "6608 is preempted by Federal Law[,] 18 U.S.C.[] §[ ]3626, [§] 807 . . . ." (*Id.* ¶ 169.) Count 4 maintains that Sherwood's due process rights guaranteed by the United States and Pennsylvania Constitutions were violated by the deduction of his funds without any pre-deprivation hearing/process or adequate, meaningful post-deprivation process. (*Id.* ¶¶ 172-76.) Finally, Count 5 asserts that Respondents have violated the separation of powers doctrine set forth in article V, sections 1 and 10 of the Pennsylvania Constitution by not giving effect to the sentencing court's orders that contained "delay language" when they deducted as a lump sum costs and fees that should have been delayed. (*Id.* ¶¶ 102, 177-80.) Sherwood seeks the return of the amounts deducted from his account, as well as costs, attorney fees, interest, and delay damages.

---

[10] Article VI, Clause 2 of the United States Constitution provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. CONST. art. VI, cl. 2.

## II. Preliminary Objections

Respondents have filed separate preliminary objections in the nature of demurrers. DOC Respondents and County Respondents argue that the deductions were properly made pursuant to Section 6608 of the PLRA and/or Act 84 and, therefore, Sherwood has not stated any causes of action. Respondents assert that Sherwood's negligence claims are barred by either sovereign immunity or the act commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S. §§ 8541-8542, which DOC Respondents and Beemer[11] argue can be raised as a preliminary objection under these circumstances. Respondents contend Sherwood has failed to state any claims for his alleged constitutional violations or violations of any of DOC's policies. DOC Respondents and Beemer maintain that to the extent the claims against them are based on the actions of their subordinates, rather than their own conduct, or on their participation in handling or responding to Sherwood's grievances, such conduct will not impose liability. Sherwood filed preliminary objections to some of these preliminary objections.[12] We will address the preliminary objections in turn.[13]

---

[11] On August 9, 2019, Sherwood filed a Praecipe to Enter Default Judgment against Beemer on the basis that Beemer had not timely responded to the Amended Petition. However, Beemer filed an application for extension of time to file a responsive pleading nunc pro tunc on July 29, 2019, which the Court granted by order dated July 30, 2019. Beemer was given until August 28, 2019, to file his preliminary objections, and he did so on August 28, 2019. Because Beemer filed a responsive pleading in accordance with the Court's July 30, 2019 order, Sherwood's Praecipe to Enter Default Judgment is denied.

[12] Sherwood's preliminary objections to County Respondents' preliminary objections are untimely, but he requests that they be accepted as timely because County Respondents' preliminary objections, filed with the Court and mailed to him on May 21, 2017, were not forwarded to him when they arrived at SCI-Greene, but were returned to sender as being "Unable to Forward." (Sherwood's Preliminary Objections to County Respondents' Preliminary Objection ¶ 2.) Because of this, Sherwood maintains, he did not receive the preliminary objections until June 17, 2019, after the deadline to file a responsive pleading had passed. (*Id.* **(Footnote continued on next page…)**

## III. Discussion

### A. Authority for Deductions - Section 6608 and Act 84

DOC Respondents and County Respondents[14] argue that Sherwood fails to state any claims because the deductions were authorized under Section 6608 and/or Act 84. They argue that the exhibits to the Amended Petition establish that costs, fees, fines, and restitution were imposed at each of the criminal dockets, as well as the amounts owed at each docket. According to DOC Respondents, "it does not appear that [Sherwood] is challenging the accuracy of the clerk of court/prothonotary's accounting of the amount of money he owes to the county . . . ." (DOC Respondents' Brief (Br.) at 15.) Instead, DOC Respondents

_____

**(continued…)**

¶ 3.) County Respondents have not objected to this request or otherwise indicated they would be prejudiced by accepting Sherwood's filing as timely. Therefore, Sherwood's preliminary objections to County Respondents' preliminary objections are accepted as timely.

[13] County Respondents also demurred that injunctive relief is not available here because Sherwood has an adequate remedy at law through the prison grievance system and post-conviction relief within the sentencing court. In his preliminary objections, Sherwood objects to these allegations because he did not raise a claim for injunctive relief. Our review of the Amended Petition supports Sherwood's preliminary objection, and, therefore, we sustain Sherwood's preliminary objection to that portion of County Respondents' preliminary objections.

[14] Sherwood has filed an Application for Relief (Application) asking the Court to essentially strike County Respondents' Brief in Support of their Preliminary Objections because it was untimely filed. The basis for his Application is that, by order dated September 25, 2019, this Court directed that all Respondents' briefs in support of their preliminary objections be filed on or before October 25, 2019. Without filing a request for an extension or providing an explanation, County Respondents did not file their brief until October 30, 2019, thereby making it untimely. Sherwood argues that, because the due date on his brief was also established in that Court Order, and was not delayed by the County Respondents' late filing, he was prejudiced. County Respondents did not file a response to Sherwood's Application. Because of Sherwood's prejudice, we will grant the Application and strike County Respondents' brief in support of their preliminary objections. The Court will only consider that which is set forth in County Respondents' preliminary objections themselves.

argue, Sherwood is objecting on the basis that some of the obligations are subject to "delay language" because certain sentences are to run consecutively to other sentences, and, therefore, are not due until the prior sentence is complete. DOC Respondents assert Act 84 does not contain this limitation in its authorizing language, and that DOC's Policies, such as DC-ADM 005 relied upon by Sherwood, do not create any rights in inmates. Further, DOC Respondents maintain that not all of the costs imposed required a separate court order to be deducted, Sherwood has not adequately alleged facts to support his claim that some of the sentences constituted a single sentencing event, and Sherwood was provided the pre-deduction notice required by Section 6608 and Act 84.

Sherwood responds that he has stated a claim for declaratory relief based on the allegations that the deductions are improper because there is a "lack of outstanding court order(s) for such costs, etc., not all said costs, fines, fees and/or restitution were legitimately owed and/or actually ordered," the statutes upon which the costs were calculated "were repealed, found unconstitutional or were ex post facto laws," or the costs were miscalculated, waivable, or not yet due as they were imposed consecutively to other court orders. (Sherwood's Br. at 4-5, 7.) He further asserts that any deductions from the settlement monies pursuant to Section 6608 were improper because the settlement proceeds were paid from the ELSIP, not from Commonwealth funds or a Commonwealth insurance plan, and, therefore, are exempt from attachment. Finally, Sherwood asserts that, even if the deductions were permitted, the lump sum deductions and the imposition of multiple CVCF fees for Dockets 633, 634, and 827, were contrary to Section 3 of DOC's Policy DC-ADM 005, which limits Act 84 deductions to 20% of an inmate account

13

balance and provides for the imposition of only one CVCF fee for a single sentencing event.

Section 6608 authorizes DOC to deduct certain fines, costs, and fees from certain monetary settlements an inmate may receive. In particular, Section 6608 provides that a monetary settlement that an inmate may receive from prison conditions litigation be first used to satisfy any outstanding court orders mandating an inmate to pay restitution, costs, fees, fines, and other court-imposed costs. 42 Pa.C.S. § 6608. However, Sherwood alleges that, by its terms, Section 6608 is applicable to and allows deductions from only those settlement monies that were "payable from funds appropriated by the General Assembly or a political subdivision or by an insurance policy purchased by the Commonwealth or political subdivision." *Id.* Here, Sherwood asserts that the settlement monies were not paid in this fashion, but by the ELSIP, which "was purchased by the individual defendants themselves." (Am. Petition ¶ 62.) This is a factual allegation that we must accept as true at this stage of these proceedings, *Neely*, 838 A.2d at 19 n.4, and none of Respondents' preliminary objections challenge Sherwood's allegation that Section 6608 is inapplicable and cannot provide the legal authority for the deductions for this reason. Thus, we will not consider Section 6608 as providing such authorization at this stage of the litigation.

Act 84 authorizes DOC to deduct restitution, any other court-ordered obligations, or costs imposed under Section 9721(c.1) of the Sentencing Code[15]

---

[15] Section 9721(c.1) was added by Section 2 of the Act of October 27, 2010, P.L. 949. While Section 9721(c.1) provides, in pertinent part, that "[i]n the event the court fails to issue an order for costs pursuant to section 9728, costs shall be imposed upon the defendant under this section" and that "[n]o court order shall be necessary for the defendant to incur liability for costs under this section," 42 Pa.C.S. § 9721(c.1), Respondents do not rely on this provision to support the deductions from Sherwood's inmate account.

14

from an inmate's prison account. 42 Pa.C.S. § 9728(b)(5). There are some statutorily mandated costs or fees that need not be included in a court order in order to be valid, including costs under Section 1101(e) of the Crime Victims Act,[16] which states that "[n]o court order shall be necessary in order for the defendant to incur liability for costs under [that] section." 18 P.S. § 11.1101(e). Statutorily mandated costs are not waivable and can be deducted from an inmate's account without a court order. *Saxberg v. Pa. Dep't of Corr.*, 42 A.3d 1210, 1215-16 (Pa. Cmwlth. 2012); *Spotz v. Commonwealth*, 972 A.2d 125, 134 (Pa. Cmwlth. 2009). Waivable costs, on the other hand, must be expressly ordered by the sentencing court to be collectible. *Spotz*, 972 A.2d at 134.

With regard to the preliminary objections challenging Sherwood's averments based on there being "delay language" in the sentencing orders, that the deductions violated DOC's Policy DC-ADM 005 by exceeding the 20% cap imposed therein on deductions or by imposing more than one CVCF fee for a single sentencing event, we agree that these averments do not state a claim. Sherwood bases his "delay language" claims on the sentencing court's use of the term "consecutive" in the various sentencing orders. A "sentencing court's orders govern [DOC's] collections from inmate accounts," and any "delay language" contained in such orders that clearly and expressly "defer[s] an inmate's financial obligations to a later date or event," "like parole or release," must be given effect. *Freemore v. Dep't of Corr.*, __ A.3d __, __ (Pa. Cmwlth., No. 536 M.D. 2019, filed May 1, 2020), slip op. at 9-10, 12-13. However, language in an order that directs sentences to be served consecutively does not fall within the type of "delay language" that defers an inmate's payment of financial obligations to a later date.

---

[16] Act of November 24, 1998, P.L. 882, *as amended*, 18 P.S. §§ 11.101-11.5102.

15

*Id.* at __, slip op. at 13-14. This is particularly true where one of the sentences involved is, as here, a sentence of death. *Id.* at __, slip op. at 14 (citation omitted).

As for Sherwood's contention that DC-ADM 005 limits any deductions to 20% or the number of CVCF fees for one sentencing event, it is well settled that DOC's policies create no rights for inmates. *Bullock v. Horn*, 720 A.2d 1079, 1082 n.6 (Pa. Cmwlth. 1998). Notably, while Sherwood asserts other bases for why the deduction of certain costs and restitution were improper, he relies only on the allegations regarding the delay language and violation of the 20% cap to challenge the deduction of the imposed fines in the amount of $4830. Because it "appear[s] with certainty that the law will not permit recovery," *Neely*, 838 A.2d at 19 n.4, we sustain DOC Respondents' and County Respondents' preliminary objections to these claims, and Sherwood's Amended Petition is dismissed to the extent it asserts that the deductions were improper due to being premature or in violation of DC-ADM 005, and that the deduction of fines in particular was improper.

However, with regard to Sherwood's other claims challenging the deductions as being unauthorized, we overrule DOC Respondents' and County Respondents' preliminary objections. Although the Amended Petition does reference court orders that imposed fines and costs, a fact DOC Respondents contend distinguishes this matter from *Rega v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 244 M.D. 2017, filed January 31, 2018), wherein we overruled preliminary objections because the petitioner alleged there were no such court orders, (DOC Respondents' Br. at 17 n.3), Sherwood argues that some of the amounts deducted, such as sheriff's fees, costs of transportation, and restitution at Docket 633, were not imposed in those court orders or relevant

16

amended court orders. (Am. Petition ¶¶ 25, 40, 61, 100, 110.) Further, Sherwood maintains that some of the alleged statutorily mandated costs and/or fees were improperly deducted because the relevant statutes were repealed, found unconstitutional, or were not in effect when he committed his crimes, and, therefore, could not support the deductions from his inmate account. (*Id.* ¶¶ 41-42, 78, 109, 156-57, 163-64.) DOC Respondents and County Respondents do not respond to these allegations, which challenge not only the authority to make all of the deductions in the first instance, but also the accuracy of the deductions actually made. Nor do they otherwise identify which costs or fees were statutorily mandated, non-waivable costs that could be deducted based on when Sherwood was convicted. Given the state of the record and the lack of response to many of Sherwood's allegations, we cannot determine whether he has failed to state a claim on these bases. Accordingly, the preliminary objections challenging these claims are overruled and answers to these claims shall be filed within 30 days of the filing of this decision.

### B. Immunity

All Respondents argue that Sherwood's negligence claims are barred by either sovereign immunity or governmental immunity. DOC Respondents and Beemer assert these defenses can be raised as preliminary objections under these circumstances. On the merits, Respondents argue Sherwood's claims, which are based on their alleged negligence relating to the deduction of funds from his inmate account, do not fall within any of the exceptions to sovereign or governmental immunity and, therefore, Sherwood fails to state a claim upon which relief can be granted. Sherwood filed preliminary objections to these preliminary

17

objections asserting these affirmative defenses may be raised only as new matter and not as preliminary objections pursuant to Pennsylvania Rule of Civil Procedure 1030, Pa.R.C.P. No. 1030. On the merits, Sherwood argues he has stated a claim for negligence because Respondents handled his property without following and/or enforcing the law and the sentencing courts' orders and he does not allege any intentional conduct or an intentional taking by Respondents. (Sherwood's Answer to DOC Respondents' Preliminary Objections ¶¶ 49, 54-56.)

We first address Sherwood's preliminary objections to Respondents' preliminary objections. Rule of Civil Procedure 1030(a) provides that "all affirmative defenses including . . . immunity from suit . . . shall be pleaded in a responsive pleading under the heading 'New Matter.'" Pa.R.C.P. No. 1030(a). However, Section 6602(e)(2) of the PLRA allows a court to "dismiss prison conditions litigation **at any time**, . . . if the court determines any of the following: [that] the defendant is entitled to assert a valid affirmative defense, including **immunity** . . . ." 42 Pa.C.S. § 6602(e)(2) (emphasis added). As the Amended Petition is "[a] civil proceeding arising in whole or in part under Federal or State law with respect to . . . the effects of actions by a government party on the life of an individual confined in prison," it qualifies as prison conditions litigation. Section 6601 of the PLRA, 42 Pa.C.S. § 6601. Further, even in the absence of Section 6602(e)(2), "courts have permitted [a] limited exception to [Rule of Civil Procedure 1030(a)] and have allowed parties to raise the affirmative defense of immunity as a preliminary objection if the defense is clearly applicable on the face of the [petition for review]." *Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017) (internal quotation marks and citation omitted). Accordingly, Respondents

18

can raise these affirmative defenses as preliminary objections, and we overrule Sherwood's preliminary objections in this regard.

Pursuant to article I, section 11 of the Pennsylvania Constitution,[17] the General Assembly declared that "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa.C.S. § 2310. This is reiterated in Section 8521 of the Judicial Code, part of which is commonly known as the Sovereign Immunity Act, 42 Pa.C.S. § 8521. This Court determines whether a Commonwealth employee is protected by sovereign immunity by considering whether the "employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity." *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992). Section 8522(b) of the Sovereign Immunity Act sets forth nine situations in which a Commonwealth party may be liable: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6)

---

[17] Article I, section 11 of the Pennsylvania Constitution states:

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

PA. CONST. art. I, § 11.

19

care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa.C.S. § 8522(b). The Tort Claims Act similarly provides that local agency employees are immune from liability for injuries caused by negligent acts committed within the scope of their offices or duties. Section 8542(a)(2) of the Tort Claims Act, 42 Pa.C.S. § 8542(a)(2). The Tort Claims Act provides eight exceptions to immunity: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody, or control of animals. 42 Pa.C.S. § 8542(b). These exceptions are to "be narrowly construed to effect the General Assembly's intent to insulate state and local agencies from tort liability." *Williams v. Phila. Hous. Auth.*, 873 A.2d 81, 86 (Pa. Cmwlth. 2005).

Of the exceptions to immunity, the only ones potentially applicable to Sherwood's negligence claims are those related to the care, custody, or control of personal property. 42 Pa.C.S. §§ 8522(b)(3), 8542(b)(2). While the Commonwealth and its employees and officials may be held liable for damage to or the negligent handling of an inmate's personal property, there is no liability for the **taking** of that property. *Dep't of Corr. v. Tate*, 133 A.3d 350, 359-60 (Pa. Cmwlth. 2016); *Goodley v. Folino* (Pa. Cmwlth., No. 2376 C.D. 2010, filed July 22, 2011), slip op. at 8.[18] Although *Tate* and *Goodley* involved the personal property exception under the Sovereign Immunity Act, their rationale applies equally to the personal property exception found in the Tort Claims Act because

---

[18] *Goodley* is an unreported opinion of this Court that is cited for its persuasive value, not as binding precedent, pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

both "immunity statutes deal with the same subject matter [and] we read them consistently." *Jones v. Se. Pa. Transp. Auth.*, 772 A.2d 435, 440 (Pa. 2001).

Sherwood argues he is not alleging that his property was intentionally taken, but that his property was negligently handled due to Respondents disregarding the law and the sentencing courts' orders in calculating the deductions and deducting the monies and then in handling his grievances challenging those deductions. Sherwood's negligence claims are based on Respondents' actions relating to the **deduction** of money from Sherwood's inmate account, and to "deduct" means "to **take** away (an amount) from a total."[19] Thus, it is the taking of Sherwood's personal property that is in dispute. Although Sherwood claims not to be averring that this taking was intentional, his allegations contend that Respondents were disregarding or ignoring the relevant statutes, DOC's administrative policies, sentencing orders, and the United States and Pennsylvania Constitutions in taking monies from his account, in resolving the grievances challenging those deductions, and in calculating the amounts owed on which the deductions were based. "Disregard" means "to pay no attention to" or to "treat as unworthy of regard or notice."[20] Such allegations speak to intentional, not negligent, conduct. As these claims are based on intentional conduct, immunity precludes liability for that conduct. Further, we do not view Sherwood's allegations that Beemer negligently allowed the monies to be deposited into Sherwood's inmate account, which led to the alleged improper deductions, to fall within these exceptions. Beemer observes, and we agree, that there are no allegations that **he** was ever in possession or control

---

[19] *Deduct*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/deduct (emphasis added) (last visited September 8, 2020).

[20] *Disregard*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/disregard (last visited September 8, 2020).

21

of Sherwood's property. Therefore, Respondents are immune from those negligence claims. Because it "appear[s] with certainty that the law will not permit recovery" on these claims, *Neely*, 838 A.2d at 19 n.4, we sustain Respondents' preliminary objections and dismiss Count 2 of Sherwood's Amended Petition.

### C. Constitutional and DOC Policy Claims

Respondents contend Sherwood has failed to state any claims for his alleged constitutional violations or violations of any of DOC's policies. In Counts 3 through 5 of the Amended Petition, Sherwood asserts violations of the Supremacy Clause, due process, and the separation of powers doctrine, respectively. In addition, throughout the Amended Petition, Sherwood claims Respondents have violated various DOC policies. Respondents contend that none of these allegations state a claim upon which relief can be granted and, therefore, Sherwood's claims in these regards must be dismissed. Sherwood contends he has stated valid claims based on Respondents' improper actions, which violate not only the United States and Pennsylvania Constitutions, but also the Department's Administrative Policies.

Initially, as we stated previously in response to Sherwood's claim that Respondents violated Section 3 of DOC's Policy DC-ADM 005, DOC's policies create no rights for inmates. *Bullock*, 720 A.2d at 1082 n.6. Thus, to the extent Sherwood asserts claims based on Respondents allegedly violating DOC's policies, Respondents' preliminary objections thereto are sustained and those claims are dismissed.

In Count 3, Sherwood claims that Section 6608 is preempted by federal law and Respondents' reliance thereon violates the Supremacy Clause. However, the United States Supreme Court has held that the Supremacy Clause "does not create

rights enforceable under [42 U.S.C.] § 1983."[21] *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 107-08 (1989). Therefore, it "appear[s] with certainty that the law will not permit recovery" on this claim, *Neely*, 838 A.2d at 19 n.4, and we sustain Respondents' preliminary objections and dismiss Count 3 of the Amended Petition.

In Count 4, Sherwood alleges due process violations based on Respondents' failure to provide him with any pre-deprivation due process or with adequate, meaningful post-deprivation due process based on how his grievances were handled.[22] He relies on the standard set forth in *Montanez v. Secretary Pennsylvania Department of Corrections*, 773 F.3d 472 (3d Cir. 2014), to support his claimed due process violations. Respondents contend Sherwood received the process due because he received notice of what he owed and multiple opportunities to challenge the deductions through DOC's grievance system.

In *Bundy v. Wetzel*, 184 A.3d 551, 558-59 (Pa. 2018), our Supreme Court adopted the *Montanez* standard and held that due process for Act 84 deductions is

---

[21] Section 1983 provides, in part:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

[22] Although Sherwood cites both the Fifth and Fourteenth Amendments to the United States Constitution as the bases for his due process claims, the Fifth Amendment is not applicable because it affords enforceable rights only against the federal government and its actors, not state or local governments and their actors. *Moore v. Richman*, 797 F. Supp. 2d 572, 580 (W.D. Pa. 2011).

23

satisfied where DOC, prior to the first deduction, provides notice "inform[ing] the inmate of the total amount of his financial liability as reflected in his sentencing order," and of DOC's "policy concerning the rate at which funds will be deducted from his account and which funds are subject to deduction," and "give[s] the inmate a reasonable opportunity to object to the application of [DOC's] policy to his account." *Bundy* does not identify any specific time period prior to the first deduction that the notice must be provided to the inmate. Applying this standard here, we agree Sherwood has not stated a claim for a violation of his due process rights.

Here, Sherwood was aware of DOC's Policy, as he attached a portion thereof to the Amended Petition. More importantly, prior to the first deduction from his inmate account on April 7, 2017, DOC sent Sherwood a notice on April 4, 2017, setting forth the amounts owed and attaching copies of the court orders and Itemized Accounts supporting the deductions. (Am. Petition, Exs. 6-A—6-I.) DOC sent another notice on April 10, 2017, reflecting that the amounts identified in the April 4, 2017 notice had not included the CVCF fees, which were not deducted from Sherwood's account until May 2, 2017. (*Id.*, Exs. 7, 10.) Thus, Sherwood received the requisite notice of his financial liabilities prior to the first deduction. And, while these notices did not expressly indicate how Sherwood could challenge the deductions, it is undisputed that Sherwood availed himself of DOC's grievance procedure, during which he had the opportunity to object to the deductions. He filed his first grievance challenging the deductions on April 15, 2017, and continued to file grievances regarding other deductions thereafter. (*Id.*, Exs. 27-A, 36-A, 44-A—B, 52-A—B, 83-A, 89-A.) An initial response to the April 15, 2017 grievance was issued on May 8, 2017, denying the grievance. (*Id.*,

Ex. 28.) The deductions were suspended as of August 23, 2017, pending the resolution of Sherwood's final level appeal. (*Id.*, Ex. 46.) These grievances ultimately culminated in decisions by Varner/Moore that the deductions were authorized either by Section 6608 or Act 84, that the amounts of the deductions were correct, or that the prior grievance decisions adequately addressed the grievances. (*Id.*, Exs. 35-A, 35-B, 42, 50, 59, 88, 93.) Our Court has held "that [DOC]'s grievance procedure . . . is a constitutionally sufficient remedy with respect to inmates' claims that [DOC] unlawfully withheld and/or confiscated personal property." *Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 383 (Pa. Cmwlth. 2017). For these reasons, it "appear[s] with certainty that the law will not permit recovery" on this claim, *Neely*, 838 A.2d at 19 n.4, and we sustain Respondents' preliminary objections and dismiss Count 4 of the Amended Petition.

Finally, in Count 5, Sherwood contends that the deductions have violated the separation of powers doctrine because Respondents have not given effect to the delay language contained in the sentencing courts' orders. Consistent with this Court's rejection of separation of powers arguments related to DOC's deductions from inmate accounts in the past, we do so again here. *Richardson v. Pa. Dep't of Corr.*, 991 A.2d 394, 396 (Pa. Cmwlth. 2010); *Boyd v. Pa. Dep't of Corr.*, 831 A.2d 779, 783 n.8 (Pa. Cmwlth. 2003), *aff'd*, 886 A.2d 222 (Pa. 2005). Further, as explained above, language in a sentencing order directing that sentences be served consecutively is not the type of delay language that precludes the deductions made here. *Freemore*, __ A.3d at __, slip op. at 13-14. Accordingly, we sustain the preliminary objections and dismiss Count 5 of the Amended Petition.

25

*D. Respondeat Superior and Vicarious Liability*

DOC Respondents and Beemer maintain that to the extent the claims against them are based on the actions of their subordinates, rather than their own conduct, the doctrines of vicarious liability or *respondeat superior* will not impose liability under the PLRA. DOC Respondents further argue that issuing or reviewing a grievance decision alone does not give rise to the requisite level of personal involvement that imposes liability. Sherwood responds that he has sufficiently alleged personal action by all DOC Respondents and Beemer and these preliminary objections should be overruled.

Our Supreme Court has explained that "a public servant who has not himself engaged in actionable conduct" and "those in the 'chain of command'" are "protect[ed] from the possibility of suit" under "any theory of vicarious responsibility." *DuBree v. Commonwealth*, 393 A.2d 293, 295 (Pa. 1978) (plurality opinion); *Shick v. Wetzel* (Pa. Cmwlth., No. 583 M.D. 2016, filed Sept. 10, 2018), slip op. at 5. Further, a respondent "'must have personal involvement in the alleged wrongs[;] liability cannot be predicated solely on the operation of *respondeat superior*. . . . [P]ersonal involvement can be shown through allegations of personal direction or actual knowledge and acquiescence.' Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Bush v. Veach*, 1 A.3d 981, 986 (Pa. Cmwlth. 2010) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). The participation in or an alleged inappropriate response to a grievance does not establish the requisite level of personal involvement to impose liability. *Martin v. Giroux* (Pa. Cmwlth., No. 1934 C.D. 2016, filed May 26, 2017), slip op. at 8; *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006).

26

With regard to Beemer's actions leading to the deductions, Sherwood alleges that "Beemer, through and by an agent of his office, did deposit the settlement of $15,000 into [Sherwood's] prison account" and "directly and/or through and by an agent, caused [Sherwood's] settlement to be deposited into [Sherwood's] prison account." (Am. Petition ¶¶ 49, 113.) We agree with Beemer that these allegations do not allege personal action by him with sufficient particularity that would make Beemer liable on theories other than *respondeat superior* or vicarious liability. Therefore, Sherwood did not state a claim against Beemer. Accordingly, we sustain Beemer's preliminary objection based on his lack of personal involvement and dismiss him as a party from this litigation.

With regard to DOC Respondents, they argue that Sherwood's allegations against Wetzel, Gilmore, Patterson, Pauley, and Kennedy/Carter are based on their supervisory authority over their subordinates, rather than their personal actions. Reviewing the Amended Petition, we agree as to Wetzel and Gilmore and, therefore, the Amended Petition does not state viable claims against these respondents. (*Id.* ¶¶ 4, 6, 97-98, 116-18.) But we disagree as to Patterson, Pauley, and Kennedy/Carter, whose personal involvement in the alleged unauthorized deductions from Sherwood's account was more specifically pled. (*Id.* ¶¶ 7-10, 50-55, 61, 64, 70-71, 73, 75, 78, 85-86, 120-22.) DOC Respondents further argue that Sherwood's allegations as to Varner, Moore, Shawley, Greenawalt, Wynn, and Andreetti are premised on their handling of or responding to Sherwood's grievances. (*Id.* ¶¶ 12-13, 17-20, 79-82, 84, 87-91, 95-96, 124-25, 132-36.) We agree, and because such conduct does not provide the necessary level of personal involvement that will give rise to liability, *Martin*, slip op. at 8; *Brooks*, 167 F. App'x at 925, the Amended Petition has not stated viable claims against them.

27

Finally, Sherwood's allegations against Perez are based on both his general supervisory authority as chief counsel and his overview of the grievance process, neither of which provide a viable claim against Perez. (Am. Petition ¶¶ 11, 93-94, 123.) Accordingly, this preliminary objection is sustained as to Wetzel, Gilmore, Perez, Varner, Moore, Shawley, Greenawalt, Wynn, and Andreetti, and they are dismissed from this litigation.

## IV. Conclusion

For the foregoing reasons, we hold as follows. Sherwood's Application for Relief seeking to strike County Respondents' brief as untimely is granted, and the brief is stricken. Sherwood's Praecipe to Enter Default Judgment against Beemer is denied. Sherwood's preliminary objections, which are accepted as timely, to County Respondents' preliminary objection based on Sherwood's failing to state a claim for injunctive relief is sustained, and County Respondents' preliminary objection on that basis is dismissed. Sherwood's other preliminary objections to Respondents' preliminary objections are overruled. Respondents' preliminary objections asserting sovereign or governmental immunity to Count 2 are sustained, and Count 2 is dismissed. Respondents' preliminary objections in the nature of demurrers to Counts 3, 4, and 5 are sustained, and those Counts are dismissed. Beemer's and DOC Respondents' preliminary objections based on a lack of the required personal involvement, Sherwood's reliance on *respondeat superior* or vicarious liability, and/or the handling of or responding to Sherwood's grievances are sustained as to Beemer, Wetzel, Gilmore, Perez, Varner, Moore, Shawley, Greenawalt, Wynn, and Andreetti, and they are dismissed as parties from this litigation. However, these preliminary objections are overruled as to Patterson, Pauley, and Kennedy/Carter. Finally, Respondents' preliminary objections as to

28

Count 1 are sustained to the extent that Sherwood has not stated any claims upon which relief can be granted based on the allegations that the deductions were improper because they violated delay language found in the sentencing courts' orders or violated any DOC policy, and those claims, including the challenges to the deduction of the fines, are dismissed. The remainder of Respondents' preliminary objections relating to Count 1 based on Sherwood's claims that the deductions were not authorized by Section 6608, Act 84, that the statutes imposing the costs or fees are inapplicable, and/or that the deductions were improperly calculated are overruled. The remaining Respondents shall file an answer to the remaining allegations relevant to Count 1 within 30 days of the filing of this opinion.

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brentt Sherwood,                :
             Petitioner      :
                          :
          v.                 :     No. 767 M.D. 2018
                          :
Pennsylvania Department of      :
Corrections; John E. Wetzel;       :
Bruce Beemer; Robert Gilmore;     :
Karen Patterson; Tiffany Pauley;    :
Joan Kennedy; J. Carter; Theron R.   :
Perez; Dorina Varner; Keri Moore;    :
Justin Dunkelberger; Jamie Saleski;   :
Sarah Snyder; Tracy Shawley;       :
Crystal Greenawalt; Leslie Wynn;    :
Mindy Adreetti; John/Jane Doe      :
(1-99),                             :
             Respondents    :

## O R D E R

**NOW**, September 9, 2020, the Application for Relief filed by Brentt Sherwood (Sherwood) seeking to strike the brief in support of Respondents Justin Dunkelberger, Jamie Saleski, and Sarah Snyder's (County Respondents) preliminary objections is **GRANTED**, and the brief is stricken. Sherwood's Praecipe for Default Judgment against Bruce Beemer (Beemer) is **DENIED**. Sherwood's preliminary objections are accepted as timely. Sherwood's preliminary objection to County Respondents' preliminary objections based on Sherwood failing to state a claim for injunctive relief is **SUSTAINED**, and County Respondents' preliminary objection in that regard is **DISMISSED**. Sherwood's preliminary objections to the remaining preliminary objections of County

Respondents, and the preliminary objections of Beemer, and the Pennsylvania Department of Corrections (DOC), John E. Wetzel, Robert Gilmore, Karen Patterson, Tiffany Pauley, Joan Kennedy, J. Carter, Theron R. Perez, Dorina Varner, Keri Moore, Tracy Shawley, Crystal Greenawalt, Leslie Wynn, and Mindy Andreetti, (collectively, DOC Respondents), are **OVERRULED**. In accordance with the foregoing opinion, the preliminary objections in the nature of a demurrer to Counts 2, 3, 4, and 5, as well as claims in the Amended Petition asserting violations of DOC Administrative Policies by DOC Respondents, Beemer, and/or County Respondents (collectively, Respondents) are **SUSTAINED**, and those counts and claims are **DISMISSED**. Further, as set forth in the foregoing opinion, the preliminary objections challenging the claims against various respondents based on their being liable under the doctrines of *respondeat superior* or vicarious liability for their actions in handling or responding to Sherwood's grievances are **SUSTAINED IN PART** and **OVERRULED IN PART**, and the following are dismissed as parties from this litigation: Beemer, Wetzel, Gilmore, Perez, Varner, Moore, Shawley, Greenawalt, Wynn, and Andreetti. Finally, as to Count 1, Respondents' preliminary objections are **SUSTAINED IN PART** and **OVERRULED IN PART** as set forth in the foregoing opinion. The remaining Respondents are directed to file an answer to the remaining allegations relevant to Count 1 within 30 days of this Order.

_____

**RENÉE COHN JUBELIRER,** Judge