IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Niheem Keys, : 
    Petitioner : 
    : 
    v. : No. 556 M.D. 2022
    : Submitted: October 10, 2023
Pennsylvania Department : 
of Corrections, : 
    Respondent : 


BEFORE: HONORABLE ANNE E. COVEY, Judge
    HONORABLE LORI A. DUMAS, Judge
    HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT      FILED:  November 30, 2023


   Niheem Keys, *pro se*, has filed a petition for review[1] in the Court's original jurisdiction against the Pennsylvania Department of Corrections (Department) seeking readmission to the State Drug Treatment Program (Drug Program), a component of "Justice Reinvestment Initiative 2," 61 Pa. C.S. §§4101-4108.[2]  In this petition, Keys contends that his expulsion from the Drug Program and return to a State Correctional Institution to serve the remainder of his original

---

[1] Keys' pleading is titled a "Motion for a Preliminary Injunction."  By order issued January 4, 2023, the Court stated that this filing will be treated as a petition for review addressed to our original jurisdiction pursuant to Section 761 of the Judicial Code, 42 Pa. C.S. §761, and PA.R.A.P. 1502.

[2] The Drug Program is a 24-month intensive treatment program for statutorily eligible inmates who have been convicted of substance use-related crimes, who meet certain eligibility standards in 61 Pa. C.S. §4104 (selection for the State Drug Treatment Program).  Upon successful completion of the Program, the inmate's entire term of confinement will be deemed to have been served.  61 Pa. C.S. §4105(b)(5).

sentence violated the Eighth[3] and Fourteenth[4] Amendments to the United States Constitution because it will be "years before he sees release" and because a similarly situated inmate was reentered into the Drug Program. Petition ¶11. Before the Court are the Department's preliminary objections in the nature of a demurrer to Keys' petition. For the reasons set forth below, we sustain the Department's preliminary objections and dismiss Keys' petition for review with prejudice.

The facts as alleged in the petition are as follows.[5] Keys is an inmate currently incarcerated at the State Correctional Institution at Houtzdale. Petition ¶1. He was a participant in the Drug Program at Quehanna Boot Camp. On May 26, 2022, Keys was expelled from the Program because of an altercation with another inmate. During that altercation, Keys attempted to hit the inmate with "a combination lock and extension cord," and after being separated, Keys "started to fight" the inmate again. *Id.*, Exhibit A-1 (Executive Deputy Secretary Review Response). Keys pled guilty to institutional misconduct charges of fighting, refusing to obey an order, and possession of a weapon. *Id.* The Department informed Keys that these behaviors demonstrated a lack of meaningful participation in the Drug Program. *Id.*

Keys challenged his expulsion from the Drug Program through the Department's inmate grievance system. Petition ¶4. The Department denied the grievance, and Keys was not reenrolled in the Drug Program. However, the other

---

[3] U.S. CONST. amend. VIII.

[4] U.S. CONST. amend. XIV.

[5] Keys attached the following documents as exhibits to the petition:

    Exhibit A-1 – Grievance No. 993823

    Exhibit B-1 – Expulsion Notification

    Exhibit C-1 – Inmate Notification of PREA Investigation.

inmate involved in the altercation, who also received a misconduct and was removed from the Program, was subsequently readmitted into the Program. *Id*. ¶8.

Keys contends that the Department violated his right to equal protection by not readmitting him to the Drug Program, as it did for the other inmate in the altercation. Keys also contends that his removal from the Drug Program constituted cruel and unusual punishment because now he must serve the remainder of his original sentence, instead of completing his sentence in 24 months by participation in the Drug Program. Keys requests the Court to order the Department to reenroll him in the Drug Program.

The Department has filed preliminary objections in the nature of a demurrer to the petition. First, the Department argues that it cannot be sued under Section 1983 of the Federal Civil Rights Act of 1964, 42 U.S.C. §1983, because it is a state agency, and a state agency is not a "person" within the meaning of Section 1983. Second, the Department argues that Keys' petition does not state a claim under the Eighth Amendment to the United States Constitution for his removal from the Drug Program. Third, the Department argues that the petition's claim that Keys was treated differently than the other inmate involved in the altercation does not state an equal protection claim.

"The question presented in a demurrer is whether, on the facts averred, the law indicates with certainty that no recovery is possible." *Stilp v. General Assembly*, 974 A.2d 491, 494 (Pa. 2009). In ruling on preliminary objections in the nature of a demurrer, this Court must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). We "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative

allegations, or expressions of opinion." *Id*. To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id*.

"When ruling on a demurrer, a court must confine its analysis to the [petition for review]." *Id*. "Thus, the court may determine only whether, on the basis of the [petitioner's] allegations, he or she possesses a cause of action recognized at law." *Fraternal Order of Police Lodge No. 5 by McNesby v. City of Philadelphia*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021). "[D]ocuments attached as exhibits [and] documents referenced in the [petition for review] . . . may also be considered." *Id*. at 542.

The Department first contends it cannot be sued under Section 1983, which provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. §1983. Section 1983 claims may be brought in the courts of this Commonwealth and are not subject to state sovereign immunity defenses. *Watkins v. Pennsylvania Department of Corrections*, 196 A.3d 272, 274 (Pa. Cmwlth. 2018).

Although Keys has raised federal constitutional claims, his pleading does not mention Section 1983. To the extent the petition for review seeks redress under Section 1983, we agree that this cannot be done. The Department is not a "person" within the meaning of 42 U.S.C. §1983.[6] *Warren v. Pennsylvania*

---

[6] In his response to the Department's preliminary objections, Keys indicates that he also filed his petition pursuant to Section 763 of the Judicial Code, 42 Pa. C.S. §763 (direct appeals from

4

*Department of Corrections*, 616 A.2d 140, 142 (Pa. Cmwlth. 1992) (holding Department is not subject to suit under 42 U.S.C. §1983).

Next, the Department contends that Keys has failed to state a claim under the Eighth Amendment to the United States Constitution. It reasons that Keys' return to a state correctional institution to serve the remainder of his original sentence does not constitute cruel and unusual punishment.

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This amendment is "intended to protect and safeguard a prison inmate from an environment where degeneration is probable and self-improvement unlikely because of the conditions existing which inflict needless suffering, whether physical or mental." *Frankenberry v. Ferguson* (Pa. Cmwlth., No. 105 C.D. 2017, filed July 12, 2017) (unreported),[7] slip op. at 9 (quoting *Battle v. Anderson*, 564 F.2d 388, 393 (10th Cir. 1977)). An Eighth Amendment violation can be asserted where an inmate is deprived of "'the minimal civilized measure of life's necessities.'" *Lopez v. Pennsylvania Department of Corrections*, 119 A.3d 1081, 1090 (Pa. Cmwlth. 2015) (quoting *Tillery v. Owens*, 907 F.2d 418, 426 (3d Cir. 1990)). A violation requires proof that the "'deprivation suffered was sufficiently serious, and that a prison official acted with deliberate indifference in subjecting him to that

---

government agencies). "Inmate misconducts are a matter of internal prison management and, thus, do not constitute adjudications subject to appellate review." *Hill v. Department of Corrections*, 64 A.3d 1159, 1167 (Pa. Cmwlth. 2013). Consequently, our Court lacks appellate jurisdiction to review the merits of the Department's decision on inmate discipline, including his removal from the Drug Program.

[7] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

deprivation.'"[8] *Lopez*, 119 A.3d at 1091 (quoting *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997)). Prison conditions may be "restrictive and even harsh" without violating the Eighth Amendment. *Neely v. Department of Corrections*, 838 A.2d 16, 20 (Pa. Cmwlth. 2003).

Keys' petition does not allege a deprivation of life's minimal necessities in violation of the Eighth Amendment. Rather, the petition asserts that serving his court-ordered sentence will "prolong[ his] imprisonment." Petition ¶11. The petition also posits that Keys "will most likely get a parole hit extending his imprisonment to years before he sees release." *Id.*

---

[8] In *Neely v. Department of Corrections*, 838 A.2d 16, 20 n.6 (Pa. Cmwlth. 2003) (internal quotations omitted), we noted:

> To succeed, a claim that prison conditions violate the Eighth Amendment must satisfy both an objective and subjective requirement-the conditions must be "sufficiently serious" from an objective point of view, meaning that they involve denial of the minimum civilized measure of life's necessities, and the plaintiff must demonstrate that prison officials acted subjectively with "deliberate indifference." Deliberate indifference exists if an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."
>
> > Further, the Supreme Court has explained that "[n]o static 'test' can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'"
> >
> > Nonetheless, the [United States] Supreme Court has established that prison "[c]onditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." Conditions that "deprive inmates of the minimal civilized measure of life's necessities" may also constitute cruel and unusual punishment.

6

An individual does not have a legally enforceable right to participate in, or enjoy the benefits of, the Drug Program. 61 Pa. C.S. §4108(1)(iv).[9] Likewise, parole is not a right, but a matter of grace. The fact that Keys may be denied parole in the future does not constitute cruel and unusual punishment. *See generally Myers v. Ridge*, 712 A.2d 791, 795 (Pa. Cmwlth. 1998). Accordingly, we sustain the Department's preliminary objection to the petition's Eighth Amendment claim.

The Department next argues that Keys' petition does not state an equal protection claim because it does not plead facts to show that the two inmates involved in the altercation were similarly situated.

The Equal Protection Clause provides: "No State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, §1. "The 'class of one' theory of equal protection provides that a [petitioner] states a claim for violation of the Equal Protection Clause when he 'alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Rivera v. Silbaugh*, 240 A.3d 229, 241-42 (Pa. Cmwlth. 2020) (quoting *Hill v. Borough of Kutztown*, 455 F.2d 225, 239 (3d Cir. 2006)). To state an equal protection claim, "a [petitioner] must allege that he is receiving different treatment from that received by other similarly situated individuals." *Myers*, 712 A.2d at 799. "A [petitioner] must show intentional discrimination because of the membership in a particular class, not merely that he

---

[9] It states that an individual is prohibited from filing

> *any cause of action in any court challenging the department's determination that a participant is to be* suspended or *expelled from* or that a participant has successfully completed or failed to successfully complete treatment to be provided during any portion of a drug offender treatment program.

61 Pa. C.S. §4108(1)(iv) (emphasis added). Participation in the Drug Program is completely discretionary with the Department.

was treated unfairly as an individual." *Id*. "Conclusory contentions of constitutional violations without factual support do not establish a constitutional deprivation sufficient to withstand a demurrer." *Id*.

Decisions to allow an inmate to participate in the Drug Program are individualized and discretionary. 61 Pa. C.S. §4104(c).[10] For that reason, it is difficult to see how any two inmates may be regarded as similarly situated for the purposes of equal protection analysis. Additionally, Exhibit A-1 attached to Keys' petition explains that Keys used a weapon (combination lock and extension cord) to assault the inmate during the altercation and, then, disobeyed several orders to stop fighting. Keys' petition does not allege that the other inmate used a weapon or disobeyed orders to stop fighting, and the grievance documents do not so indicate. Nor does Keys' petition contain any allegations about the other inmate's sentence or progress in the Drug Program. Accordingly, we sustain the Department's preliminary objection to Keys' equal protection claim.

Because there is no right to participate in the Drug Program or to parole, we conclude that an amended pleading will not satisfy the basic elements of either an Eighth Amendment or a Fourteenth Amendment equal protection claim. Accordingly, we sustain the Department's preliminary objections in the nature of a demurrer and dismiss Keys' petition for review with prejudice.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[10] It states:

> *If the department in its discretion believes an eligible person would benefit from the State drug treatment program and placement in the program is appropriate, the department shall make the placement* and notify the court, the eligible person, the commission and the attorney for the Commonwealth of the placement.

61 Pa. C.S. §4104(c) (emphasis added).

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Niheem Keys,                      :
            Petitioner            :
                                  :
      v.                          :      No. 556 M.D. 2022
                                  :
Pennsylvania Department           :
of Corrections,                   :
            Respondent            :

## **ORDER**

AND NOW, this 30th day of November, 2023, the preliminary objections in the nature of a demurrer filed by the Pennsylvania Department of Corrections are SUSTAINED. The petition for review filed by Niheem Keys is DISMISSED with prejudice.

_____
MARY HANNAH LEAVITT, President Judge Emerita